McCunn, J.
It is evident this action cannot be maintained except upon the clearest legal right of the plaintiff, made evident to the defendant by regular and authentic documents of title at the time when the demand and refusal of transfer relied upon took place. The evidence clearly shows that Mc *402 Dowell was the owner of these 473 shares of its stock, and that the company had issued an obligatory certificate to him to that effect; it must, therefore, follow that he, and he alone, was the party to call upon the defendant to allow him to exercise his jus disponendi over this stock ; nay, more, McDowell himself, by the very conditions upon which he held the stock, could demand of the defendant its concurrence and aid in the exercise of his right to dispose of the stock only upon the surrender of his own certificate, and by his own execution of an act of transfer upon the books of the defendant at its office. It is quite true the act of transfer might be executed by procuration. In such case, before the company could be required to recognize the right of the attorney, the attorney needed to present an authentic document from the principal, empowering him to execute the act-of transfer upon the books of the company, and this was not done in this case ; on the contrary, Perdón, the attorney named, being present, did not demand the stock. The only authority for the transfer which the defendant could recognize was McDowell’s, and in his absence his written power of attorney; and it is very clear the plaintiff failed to prove authority from McDowell upon which it could require a transfer of the shares to itself ; on the contrary, it is in evidence that he had ordered the transfer of these shares to other persons than the plaintiff, viz. 100 shares to Dibblee & Cambios, and 373 shares to P. & F. Jaudon, and the certificates of Dibblee & Cambios and of P. & F. Jaudon, that they had no interest in the shares, conveyed no authority from McDowell to transfer to any other person than themselves. The certificates only served pro tanto to annul the power of attorney presented by the plaintiff.
Moreover, on examining the proof, I find there was a dispute as to the title of these shares ; the defendants knew this, because they had been enjoined against any such transfer.
I therefore hold, upon the evidence in the case, that a recov- . ery would have been without authority, irregular and void.
The judgment below should be affirmed, with costs.
Bakboub, J. concurred.