### William A. Kjellman v. Scandia Fish Company.

#### Gen. No. 12,594.

·1. CORPORATION—*what essential to establish liability against, for refusal to transfer stock certificates.* In order to enforce liability against a corporation for refusal to transfer a stock certificate, it must appear that the person seeking to maintain such action has strictly complied upon his part with all the by-laws and regulations pertaining to the right to have such transfer.

Action on the case. Appeal from the Superior Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 9, 1906.

Statement by the Court.    This is an appeal by the plaintiff from a judgment on a directed verdict for the defendant in an action on the case to recover damages for the alleged wrongful refusal of the defendant to transfer certain shares of the capital stock of the defendant to the plaintiff and issue to him new certificates for said shares.

The defendant corporation issued to Louis Garswick the following stock certificate:

"This certifies that Louis Garswick is the owner of twenty shares of fifty dollars each of the capital stock of Scandia Fish Company, fully paid and non-assessable, transferable only on the books of the corporation by the holder hereof, in person or by attorney, upon the surrender of this certificate properly endorsed."

It also issued to John Iverson two similar certificates, one for twelve, the other for eight shares of its stock.

Garswick indorsed upon his certificate over his hand the following:

"For value received, I hereby sell, assign and transfer unto Wm. A. Kjellman shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint Wm. A. Kjellman attorney to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises."

Iverson made a similar indorsement on each of his certificates, and said certificates so indorsed were delivered to the plaintiff.

November 29, 1902, plaintiff sent said Garswick certificate with said indorsement thereon to the defendant, with the following letter:

"SCANDIA FISH COMPANY, Chicago, Ill.

GENTS:—Enclosed please find cert. No. 13 for 20 shares of your stock which has been transferred to me. Kindly issue new certificates in my name as follows:
1 cert. of 10 shares,        10 sh.
1   "    "   5   "              5
5   "    "   1   "   each,    5    ."

December 9, 1902, plaintiff sent said Iverson certificates to the defendant with the following letter:

"JOHN P. LARSON,
        Sec. & Treas. Scandia Fish Company,
                Chicago, Ill.

DEAR SIR:—Enclosed please find certificates Nos. 18

and 19 respectively for 12 and eight shares of the capital stock of your company for which kindly issue and send me new certificates in my name, and have the transfer registered on the books of the company.

I desire the entire 20 shares on *one* certificate."

Garswick and Iverson had each paid but fifty per cent. $500, for his twenty shares of stock. In answer to plaintiff's letter first above quoted defendant wrote plaintiff as follows:

"CHICAGO, Dec. 2nd, 1902.

WM. A. KJELLMAN,

116 W. Randolph St., City.

DEAR SIR:—Before we cancel certificate No. 13 and issue new certificate to you according to your favor of Nov. 29th, we wish to notify you that the 20 shares are only paid to the extent of 50%. We presume that you are aware of this fact from the investigations you claimed to have made some time ago. As you are aware a special meeting is called for Dec. 11th, to reduce the capital stock. You have undoubtedly received due notice of said meeting. If this reduction is made, then, of course, it will be necessary for you to reduce your stock to one-half or else pay it up in full. We wish to advise you about these matters in time. Please notify us as to your further pleasure as to this matter."

To which plaintiff replied as follows:

"CHICAGO, Ill., Dec. 3rd, 1902.

SCANDIA FISH CO.,

171 W. Randolph St., Chicago, Ill.

GENTS:—Replying to yours of yesterday will say that the 20 shares on cert. No. 13 was bought and transferred to me fully paid up which it reads. Kindly forward me new certificates *immediately* or return me the one you sent *at once.*"

Defendant then returned said Garswick certificate to plaintiff and after some correspondence of a similar nature in reference to the Iverson certificates, also returned them to the plaintiff.

OSCAR M. TORRISON, for appellant.

ANDERSON & ANDERSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The certificates contain the provision that the stock is "transferable only on the books of the corporation by the holder thereof, in person or by attorney, upon surrender of this certificate properly endorsed." In the absence of any by-law, the mode of transfer provided in the certificate became a part of the contract between the corporation and the holder of the certificate, and we must look to the certificate to ascertain how the transfer is to be made. Garswick and Iverson each indorsed upon his certificates an assignment thereof to the plaintiff and an appointment of the plaintiff as his "attorney to transfer the said stock on the books of the within named corporation, with full power of substitution in the premises."

If the plaintiff had gone to the proper officer of the corporation and presented said certificates with the indorsements thereon and asked to make transfers thereof on the books of the corporation, it would have been the duty of such officer to produce such book and permit plaintiff to execute or register such transfers therein, and for a refusal to permit plaintiff to make such transfers he could maintain an action against the corporation. But to maintain such action he must show a strict compliance on the part of the holder of a certificate with the requirements of such certificate in respect to the transfer thereof.

In this case plaintiff did not go to the office of the defendant, or to any officer of the defendant, and ask to be permitted to execute on the books of the corporation a transfer of either the Garswick or the Iverson shares to himself. He did not appoint, under the power of substitution contained in the letters of attorney, another person to act as the attorney for Garswick or Iverson to make such transfer on said books.

All that he did was to send the Garswick certificate to the defendant by mail, accompanied by a letter to the corporation, in which he requested it to issue to him new certificates therefor, and to send the Iverson certificates to the defendant by mail, accompanied by a letter to its president requesting that the transfer of said certificates be registered in the books of the corporation, and that new certificates be issued to him.

It was the duty of the plaintiff under the certificates, the assignments and letters of attorney, either himself acting under such power of attorney, or through another appointed by him to act as such attorney in his place and stead, to go with such certificates and the assignments thereof to the proper officer of the corporation and demand permission to make the transfer on the books of the corporation, and it was not the duty of the defendant or of any officer of the defendant to make such transfer or issue new certificates upon the mere delivery by the plaintiff to the defendant of such indorsed certificates, with a request to make such transfer or issue such new certificates. State ex rel. Townsend, 2 Rich., S. C., 25; Turnpike Co. v. Bulla, 45 Ind. 1; Mech. Bkg. Assn. v. Mariposa Co., 3 Rob. 395; Hall v. Rose Hill, etc., Road Co., 70 Ill. 673.

If the provision of the certificate had been that it was "transferable only on the books of the corporation upon surrender of this certificate properly endorsed," then upon the surrender of such certificate properly indorsed it would be the duty of the officers of the company to make the transfer on the books. But in this case, by the express provision of the certificate, it was necessary that the holder of the certificate should in person or by attorney make the transfer on the books of the company. This neither Garswick nor Iverson offered to do, either in person or by attorney, and therefore the trial court properly directed a verdict for the defendant.

The judgment of the Superior Court will be affirmed.

*Affirmed.*