## JAMES MURRAY vs. CHARLES A. STEVENS & others.

A petition for *mandamus* to compel a transfer of shares by a corporation to the petitioner will not be granted, if the petitioner can be indemnified for the refusal by the recovery of damages in an action at law.

PETITION for a writ of *mandamus* to be issued to the Ware River Railroad Company, Charles A. Stevens, its president, and Otis Lane, its secretary, to compel them to transfer to the petitioner fifty shares of the capital stock of the company. The case was reserved by *Ames*, J., for the consideration of the full court on the following agreed statement of facts:

" Prior to filing the petition, the petitioner was in possession of fifty shares of the stock of the Ware River Railroad Company, and while so in possession, claiming to hold it for value, and having a duly authenticated certificate of the stock, with a power of attorney from Louis S. Robbins, in whose name the shares were standing on the books of the company, to transfer the shares into the name of the petitioner, the petitioner presented the certificate and power to the president and secretary, being the transferring officers of the company, and requested that they should be transferred to him on the books of the company, and a new certificate issued in his name. The president and secretary declined to issue the new shares or to make the transfer, on the ground that the certificate had been fraudulently obtained from Robbins, and the assignment thereof fraudulently filled up. After this request and refusal, the Ware National Bank attached the shares as the property of Robbins, in a suit which is still pending. There are no sales in the market of the shares of the company, and they have no fixed market value.

" Upon the foregoing facts, the court is to make such order and decree or enter such judgment as law and justice may require."

*C. Delano & J. C. Hammond*, for the petitioner

*S. T. Spaulding*, for the respondents.

AMES, J. The writ of *mandamus* is not a writ of right, and is only to be granted at the discretion of the court. The question must always be, not merely whether it is within the power

of the court to grant it, but whether, as a matter of sound judicial discretion, upon the special circumstances of the case under consideration, it ought to be granted. Without undertaking to lay down an invariable rule on the subject, we think it must be said that this process was not intended, and is not well adapted, for the trial of mere questions of property. Where the relator merely seeks to be put in possession of corporate shares which have an ascertainable market value, or which can be bought in the market; and where the incidental rights of ownership (such as eligibility to corporate offices, or the right to vote at corporation meetings) do not depend upon the ownership of the specific shares which are the subject of dispute, but could be as well and fully enjoyed by virtue of the ownership of an equal number of other shares, there would seem to be no occasion to resort to the extraordinary remedy of *mandamus.* The damages which the relator might recover in an action at common law for the violation of his right would be exactly measured by the sum of money which it had cost him, or would have cost him, to obtain the same right in another way, namely, by purchase. That is to say, with the amount in money of the market value of the shares in dispute they could be replaced. *The King* v. *Bank of England,* 2 Doug. 524. Where recovering the value of the stock would indemnify the party, the writ ought not to be granted. *Shipley* v. *Mechanics' Bank,* 10 Johns. 484. *Ex parte Fireman's Insurance Co.* 6 Hill, 243.

As this case is presented, we must infer that it would not be a difficult matter for the petitioner to obtain a title, by purchase, to fifty other shares in the corporation, and thereby to acquire rights of membership equivalent to those which he seeks to vindicate by this process; and that this is not a case in which the possession of the identical fifty shares referred to in the petition is necessary or important. The case therefore falls within the rule laid down in the decisions above cited. The petitioner would be fully indemnified in an action for damages, and has no occasion to resort to the remedy by *mandamus.* *Petition dismissed.*