### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1873, IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

THE GREEN MOUNT AND STATE LINE TURNPIKE COMPANY *v.* BULLA.

CORPORATION.—*Turnpike.*—*Transfer of Stock.*—*Mandate.*—A writ of mandate lies to compel the proper officer of a turnpike corporation organized under the act of May 12th, 1852, to transfer, on the books of such company, stock that has been duly assigned by a stockholder to a purchaser.

SAME.—*Demand.*—Where such corporation has no secretary or clerk, and the president has charge of the stock books, a demand on the latter to make the necessary transfer of stock to a purchaser of outstanding shares is sufficient.

*Same.*—Where the charter of a corporation provides that the shares of the corporation shall be transferable in the manner prescribed by the by-laws, and it is not shown that any by-laws have been adopted, but the certificate of stock provides that the stock is transferable only on the books of the company on the surrender of the certificate, the officers of the company, and not the assignor of the stock, should transfer the stock on the books.

From the Wayne Common Pleas.

*J. Perry*, for appellant.

*A. B. Young*, for appellee.

WORDEN, J.—Complaint by the State, upon the relation of Bulla, against the appellant, by way of mandate, to compel the

latter to make a transfer, on the books of the company, of certain stock. It alleges that on the 1st of January, 1868, the corporation issued to the executors of the estate of Thomas Bulla, deceased, a certificate for four shares of the stock of the company, which said executors sold, transferred, and delivered to the plaintiff, Hiram Bulla; that the executors endorsed on the back of the certificate the following directions, viz.: "The officers of the Green Mount and State Line Turnpike Company are hereby requested to transfer the stock represented by the within certificate to Hiram Bulla, the legal owner thereof." This was duly signed by the executors. That the plaintiff presented the certificate with the directions thereon to the president of the company, who then had the possession and control of the books of the company, there being no secretary or clerk of the company, and demanded that the stock be transferred on the books of the company to the plaintiff, and placed in his name in accordance with the conditions contained in the certificate; but the corporation, by its officers, refused and still refuses to make any transfer of the stock; that the relator delivered the certificate to the president, at his request, in order that the stock might be transferred on the books of the company, who retained the same five or six days, giving the relator to understand that the stock had been duly transferred on the books of the company; that afterward said president returned the certificate to the relator, and refused and still refuses to transfer the stock to the relator, greatly to his damage; wherefore, etc.

The certificate contains this clause, viz.: "Which stock is transferrible only on the books of the company on the surrender of this certificate."

Demurrer to the complaint for want of sufficient facts overruled, and exception.

The defendant declining to answer, the court rendered judgment that the defendant make the proper transfer of the stock to the plaintiff on the books of the company.

It is contended by the appellant that mandamus will not

lie in such case, but that the remedy of the plaintiff is an action for damages. Authorities are cited to that effect, but the more modern decisions are the other way. Thus, in the case of *The State, ex rel. Townsend,* v. *McIver,* 2 S. Car., N. s. 25, it was held upon full consideration that the writ would lie in such case. To the same effect is the case of *The People* v. *Crockett,* 9 Cal. 112. Our statute provides, that "writs of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins; or, a duty resulting from an office, trust or station." 2 G. & H. 322, sec. 739.

It seems to us that this was a proper case for the adoption of the remedy resorted to.

It is also urged that a demand made on the president of the company for the transfer of the stock was nugatory, in the absence of any showing that he was authorized to make the transfer. It is alleged that the company had no secretary or clerk, and that the president had possession and control of the books of the company. We think it may be clearly inferred from what is stated, that the president had the authority to make the transfer.

There is a question involved in the case, which is not entirely free from difficulty, viz.: Who is to make the transfer on the books of the company? an officer of the company or the holder of the stock to be transferred?

Where there is no regulation on this subject, we suppose the law may be, that the transfer on the books of the company should be made by the party from whom the transfer is to be made. The assignment of stock certificates vests in the assignee an equitable title to the stock, but not the legal title, perhaps. Powers of attorney are frequently executed in blank, and accompany the certificates, authorizing the transfer on the books of the corporation. If, in this case, it was necessary that the executors assigning the certificate should, by themselves or their agent, make the transfer on the books of the company, then the judgment cannot be maintained, for they have not offered to make it; they

have authorized the officers of the company to make it, but the officers cannot be compelled to act as agents. The endorsement by them on the back of the certificate, however, operates as a valid assignment of the stock, and if it was the duty of the officers of the company to make the transfer on the books, the judgment below was right.

It is provided by the statute under which the appellant is organized, that "the shares of the corporation shall be deemed personal property, and shall be transferable in the manner prescribed by the by-laws; and any person becoming a shareholder by assignment of stock, shall succeed to all the rights and liabilities of his assignor." 1 G. & H. 477, sec. 12. We are not advised that any by-laws were adopted by the corporation, but we may presume that the stock certificate was not in contravention of any by-law. The certificate makes provision for the transfer of the stock, and to this we may look in order to ascertain how the transfer is to be made. *The State, ex rel. Townsend,* v. *McIver, supra.* The certificate, we have seen, provides that the stock is transferable only on the books of the company, on the surrender of the certificate. If it were contemplated that the holder of stock should by himself or agent make the transfer on the books of the company, why require that the certificate should be surrendered? Then we have a statute on the subject of corporations, which provides that "a book shall be kept by the corporation at their office or principal place of business, containing the names of stockholders thereof, alphabetically arranged, showing their respective places of residence and number of shares held by them severally, and the time they became the owners of the same." 1 G. & H. 270, sec. 10.

We think the mode of transfer contemplated by the certificate, keeping in view the statute above quoted, is, that when stock certificates have been duly assigned, the officers of the company are to receive the surrender of the old certificates, transfer the stock on the books of the company into the name of the assignee, and issue to him a new certificate of stock, if he desire it. This accomplishes all the purposes for which it

is necessary that a transfer should be made on the books of the company.   It enables the company to know who are its stockholders, and it places the legal title to the stock in him in whose name it stands on the company's books.

The judgment below is affirmed. with costs.

PETTIT, J., was absent.