HENRY STACKPOLE & another vs. SILAS SEYMOUR & another.

Suffolk.    March 7. — June 27, 1879.    MORTON & ENDICOTT, JJ., absent.

A purchaser of shares in a railroad corporation, at a sale for non-payment of an
assessment thereon, is not entitled to a writ of mandamus to the officers of the
corporation to compel a transfer to be made on its books and a certificate issued
to him.

PETITION for a writ of mandamus to compel the president and treasurer of a railroad corporation to transfer to the petitioners, on the books of the corporation, certain shares of its capital stock, which it was alleged they had purchased at a sale by the corporation for the non-payment of an assessment thereon, under the St. of 1874, c. 372, § 45, and to issue to them a certificate thereof. Hearing before *Lord*, J., who reserved the case for the determination of the full court.

*J. C. Ivy*, for the petitioners.

The respondents submitted the case without argument.

GRAY, C. J.    Independently of the objection that the corporation has not been made a party to the proceeding, nor had any notice thereof, this is not a proper case for granting a writ of mandamus.    No public interest or corporate right is in question. If the petitioners have suffered any private injury by an illegal refusal to record the transfer and issue to them a certificate of the shares which they have purchased, they have an adequate and complete remedy by action for damages.  *Murray* v. *Stevens*, 110 Mass. 95, and cases there cited.

In *American Railway-Frog Co.* v. *Haven*, 101 Mass. 398, the application, as observed in the opinion, was not by a private stockholder, but by the corporation itself to protect it in the enjoyment of its chartered rights and to secure to it the benefit of a legal organization.  *The Queen* v. *Shropshire Union Railways*, L. R. 8 Q. B. 420, was submitted on a case stated, no question of the form of remedy was made, and the judgment in the Exchequer Chamber, ordering a writ of mandamus to issue, was contrary to the judgment in the Queen's Bench, and was reversed in the House of Lords.    L. R. 7 H. L. 496.

*Petition dismissed.*