CHARLES N. TOWNES, petitioner for mandamus,

*vs.*

EUGENE C. NICHOLS, and another.

Hancock.   Opinion May 31, 1882.

*Mandamus.   Corporation.   Stock.*

The weight of authority inclines against the right to employ mandamus to compel certificates of stock to be issued by a corporation, upon the ground that the petitioner for mandamus can receive full indemnity by purchasing other shares in the market and recovering the price thereof against the corporation in an action of law.

Mandamus does not lie, unless the petitioner's right to the possession of the shares is clear. If the right claimed is a doubtful one, involving the necessity of litigation to settle it, the remedy by mandamus must be denied.

The petitioner claimed to have shares issued to him by virtue of this certificate given by the officers of the corporation: "North Castine Mining Company. This certifies that Charles N. Townes is entitled to two hundred shares in the company deliverable according to the special agreement between the holder and the company. According to said agreement this certificate

is not transferable." *Held,* that a controversy existing between the parties as to their legal rights, the petition for mandamus must be denied.

ON REPORT.

Mandamus to compel the officers of the North Castine Mining Company to issue to the petitioner a certificate of stock for two hundred shares of the capital stock of the company.

The opinion states the material facts.

*H. A. Tripp,* for the plaintiff.

The court has power to issue the writ prayed for. R. S., c. 77, § 4; *Smyth* v. *Titcomb,* 31 Maine, 272; Angel & Ames, Corp. § § 707, 709, 710; *Strong, Pet'r,* 20 Pick. 484; *Baker* v. *Johnson,* 41 Maine, 15.

*C. J. Abbott,* for the defendants, cited: 6 Dane's Abr. c. 186, art. 2, § § 13, 16; 6 Bacon's Abr. Title, Mandamus F; *Hartshorn* v. *Ellsworth,* 60 Maine, 276.

PETERS, J. This is a petition for a writ of mandamus, to compel the directors of a mining company to require its ministerial officers to issue to the petitioner a certificate of shares in the capital stock of the company. The case is submitted to us upon the petition and the testimony reported in support of it. There are no formal pleadings, but the respondents stand in the attitude of demurring to the petition and the evidence adduced.

The petitioner's claim is founded upon a receipt or certificate of the treasurer of the company, the material part of which is in these words: "North Castine Mining Company.—This certifies that Charles N. Townes is entitled to two hundred shares in the company, deliverable *according to the special agreement between the holder and the company.* According to said agreement this certificate is not transferable, and any assignment will not be recognized by the company as valid."

The respondents contend that mandamus does not lie against the directors, but that it should go against the company, if at all, or against its ministerial officers, or against both. We need not pass upon this point, however, in making our present decision.

It is next contended by the respondents, that a remedy by mandamus does not lie against a private corporation or any of

its officers to compel the issuance of certificates of stock; that it is a public remedy, to be used only in proceedings against public corporations or their officers. It is undoubtedly true that the weight of authority inclines against the right to employ this remedy to compel a transfer of stock upon the books of a corporation or to compel certificates of stock to be issued by a corporation, if the petitioner can be indemnified for the refusal by the recovery of damages in an action at law. And a majority of the adjudged cases hold that the petitioner in such a case as the present would receive full indemnity by purchasing other shares in the market and recovering the price thereof against the corporation in an action of law. The idea of the cases is that mandamus is an extraordinary remedy not called for upon merely ordinary occasions. *Baker* v. *Johnson,* 41 Maine, 15; *Murray* v. *Stevens,* 110 Mass. 95; *Stackpole* v. *Seymour,* 127 Mass. 104; *Bank* v. *Kortright,* 22 Wend. 348; *Ex parte Fireman's Ins. Co.* 6 Hill (N. Y.) 243; Wood on Mandamus, 17; High on Extraord. Rem. § 313; Field on Cor. § 504; A. & Ames on Cor. § § 710, 711; Morawetz on Cor. § 337, and note citing the principal cases upon the question. We need not, however, commit ourselves to an expression of opinion upon this question upon this occasion, inasmuch as another point arises the determination of which we regard as decisive of the case before us.

All the authorities declare that the remedy by mandamus cannot be resorted to in a case like this, unless the legal right of the petitioner to the possession of the thing sought for is clear and unquestionable. If there be doubt as to what his legal right may be, involving the necessity of litigation to settle it, mandamus must be withheld. Mandamus is the right arm of the law. Its principal office is, not to inquire and investigate, but to command and execute. It is not designed to assume a part in ordinary law-suits or equitable proceedings. It is properly called into requisition in cases where the law has been settled, or in cases where questions of law or equity cannot properly and reasonably arise. Its very nature implies that the law, although plain and clear, fails to be enforced and needs its assistance.

An application of this rule defeats the petitioner's claim under the present proceeding. We do not know what the rights of the

parties are. The purpose of the petition seems to be to give the petitioner absolute possession and control of the shares. Still, there is no assertion that he is deprived of dividends or of an eligibility to any of the offices or trusts of the company. He is entitled to shares, "deliverable according to the special agreement" between him and the company. We know not what that agreement may be. The present certificate is declared to be unassignable. The respondents, it seems, claim that "the shares have been pooled" by the company. We are not informed by the case what that process is, nor of the rights of the parties in respect to it. There is evidently a controversy between the petitioner and the company or its officers, and we have not the means of knowing whether the petitioner's claim is a just and legal one or not. It should appear to be an unquestionable claim.

*Petition denied.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.