Johnson, C. J.
The defendant is a corporation for manufacturing purposes organized under the act of April 12, 1858 (1 S. & O. 301, 304), but is now governed by the provisions of the Revised Statutes relating to private corporations for profits. By section 3254, Revised Statutes, a stockholder is entitled to a certificate of stock, and it is made the duty of the president and secretary to issue the same to 'him. By section 3255, shares of stock are declared to be personal property, subject to levy and sale on execution.
The corporate powers, business and property of the corporation, are vested in a board of directors. The corporation may adopt a code of regulations, not inconsistent with the constitution and laws of the state, and the directors, with like limitations, may adopt a code of by-laws for its government. The directors are clothed with this general power, to be exercised in the discharge of the trust reposed in them. The statute does not in terms specifically require that registry and transfer books, be kept, nor does it specify in what form, nor under what conditions such a transfer will be made. Whatever duties exist in relation to transfers of stock, arise from the general provisions of the statute, and the nature of the duties imposed by the trust relation which the officers occupy towards stockholders.
By section 3259, the term “ stockholder ” within the mean *37 ing of the individual liability section (3258), includes the equitable, as well as legal owners,. — actual owners as well as registered owners. Such equitable owners by transfer of the certificate and notice thereof to the company, are entitled to draw dividends, where there is no dispute between the assignor and assignee as to title. Railroad v. Robbins, 35 Ohio St. 484.
“ Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board or person, commanding the performance of an act, which the law specially enjoins as a duty, resulting from an office, trust or station (Rev. Stats. § 6741). The writ must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law” (R. S. § 6744). It results from these provisions that as against a corporation, the writ can only issue for a neglect to perform some corporate duty specially enjoined by law where there is no other plain and adquate remedy. If therefore the neglect or refusal relates to a corporate duty, not enjoined by law, or results in a private injury merely, that may be compensated in damages, or is a breach of the trust reposed in the corporate authorities that may be enforced in equity, the writ.must not issue. So where the right is doubtful resort must be had to the proper forum in law or equity for relief.
In the case at bar the only breach of duty alleged, is the refusal of the corporation to transfer this share of stock and to enroll the relator as a stockholder. True, it is alleged, that the corporation notified the relator that they would never recognize him as a stockholder, nor allow him the privileges resulting, such as the right to vote, receive dividends, etc.; but as it is not averred that there are dividends to be drawn, or election to be held, such a notification is a mere threat as to its future course toward him, and not a breach of official duty, for which mandamus would lie in any case.
This corporation is one of purely a private character. It is organized and operated for private gain merely. It is charged with no public duty or trust in the management of its affairs, that are not imposed on unincorporated associa *38 tions or partnerships engaged in a like enterprise. Its refusal to transfer this share of stock, and enroll the relator as a stockholder, may be a breach of corporate duty to a private individual, but if he has a plain and adequate remedy for this, in the ordinary course of the law, he has no right to use the name of the state in his behalf to redress his injury. That an action for damages will lie for refusing such transfer" is settled by all the authorities, if the ownership is not in dispute.
It is said however, that this stock has no market value, that the corporation is doing a growing and profitable business, that its good-will enhances the value of the stock, and that by reason of these things, damages will not be an adequate remedy.
These facts do not change the rule. They are elements in assessing damages, which may be fully ascertained in an action at law. '
In actions for conversion of. personal property, such as these shares are, the damages are not limited to the market value of the stock. Its actual value to be determined under all the circumstances, such as the dividend making capacity, the good will, etc., etc., is the measure of damages.
In this connection we adopt the language of the court in Murray v. Stevens, 110 Mass. 95.
“ Where the incidental rights of ownership (such as eligibility to corporate offices, or the right to vote at corporation meetings), do not depend upon the ownership of the spécifio shares which are the subject of dispute, but could be as well and fully enjoyed by virtue of the ownership of an equal number of other shares, there would seem to be no occasion to resort to the extraordinary remedy of mandamus. The damages which the relator might recover in an action at common law for the violation of his right would be exactly measured by the sum of money which it had cost him, or would have cost him, to obtain the same right in another way — namely, by purchase. That is to say, with the amount in money of the market value of the shares in dispute they could be replaced. Where recovering the value of the stock would indemnify the party, the writ ought not to be granted.”
*39 In tlie caso at bar there lias been no actual breach of duty-in respect to these incidental rights, such as the right to vote and be voted for, to draw dividends, &c. We are not now called on to determine whether a case might not be made for relief by mandamus, when special injury would result from a refusal to admit a member. The opinion in Shipley v. Merchants’ Bank, 10 Johnson, 484, very aptly expresses the rule : “ The applicants have an adequate remedy by a special action on the case, to recover the value of the stock, if the bank have unduly refused to transfer it. There is no need of the extraordinary remedy by mandamus, in so ordinary a case. It might as well be required in every case where trover would lie. It is not a matter of public concern, as in the case of public records and- documents; and there cannot be any necessity, or even a desire of possessing the identical shares in question, lly recovering the market value of them, at the time of the demand, they can be replaced. This is not the case of a specific and favorite chattel, to which there might exist the pre-tium affectionis.”
Our attention has been called to the fact that there is some conflict in the text-books and cases upon this point. The -result of a very careful examination of these, lead us to the conclusion, that upon authority as well as upon principle the writ should not issue in the case at bar. That the writ should issue to compel the admission of a member into an incorporated society, where the advantages are personal rather than pecuniary, is clear, for in such a case the loss is incapable of a money compensation.
Morawetz on Corp. § 331; High on Extr. Rem. § 313, and Wood on Mandamus, 23, concur in saying that the weight of authority is against allowing the writ to compel the transfer of shares in a purely private moneyed corporation, while Eield on Corp. § 139, is to the contrary, evidently on the authority of Weston v. Bear River Min. Co., 5 Cal. 186, and People v. Crockett, 9 Cal. 112, but these cases are in effect overruled in Kimball v. Union Water Co., 44 Cal. 173, where it is expressly held, that for a refusal to transfer shares in a *40 private corporation, a party has an action in damages, and therefore mandamus will not lie.
In Norris Adm'r v. Irish Land Co., 92 Eng. Com. Law, 511 (8 Ell. & Black), it was held, that mandamus would lie, on the death of a shareholder, to compel a registration in the name of his representative, where the charter specifically required such registration. In that case it was conceded the writ will not issue to compel the execution of a mere private contract, but it is said that under section 68 of the common law procedure, act of 1854(17 & 18 "Victoria, c. 125), this remedy is not confined to cases, where, before the ¡sassage of that act, it would have been granted'. Inasmuch as in that case, the duty of "making the registry was specifically imposed by charter, the writ was awarded, and this seems to be the true ground of the decision.
Under our statute now in force, there is no such specific duty imposed as to transfers of shares in this corporation, but a general authority is given to manage the corporate business in the interest of all the stockholders. This power imposes a corresponding duty to make such by-laws and to keep such accounts and books as are necessary to the discharge of the duties imposed. If transfer books and registers of stock are necessary for this purpose, the law implies a duty to keep them, but we cannot say, that it is a duty specially enjoined by law, but rather an implied duty growing out of the trust relation, which the officers-bear to the stockholders.
"We annex some of the many decisions in support of our conclusion. King v. Bank of England, Doug. 524; Regina v. Mid. Co. & S. J. R. R. Co., 9 L. T. R. N. S. 151; Stackpole v. Seymour, 127 Mass. 104; Birmingham Fire Ins. Co. v. Commonwealth, 92 Penn. St. 72; King v. London Ass. Co., 5 B. & Al. 899; State v. People's Build. Ass., 43 N. J. L. 389; State v. Warren Foundry, 32 N. J. L. 439.
Norris v. Irish Land Co., supra, rests upon the' ground, that the charter specifically enjoined upon the officer the duty of making such transfer. Whether, under section 6741, it would issue in this state for the refusal to perforin a specific duty enjoined by statute, we need not now determine, as the *41 duty of making sucli transfers is not specifically enjoined. That equity will often furnish relief in case of a refusal to transfer stock (or like cases of the breach of trust) where the trust ielation the directors bear to the shareholders is clear. Morawetz on Oorp. § 405 ; Cushman v. Thayer M. Co., 76 N. Y. 365; Railway Co. v. Robbins, 35 N. Y. 500; Ham v. Toledo, W. & W. R. R. Co., 29 Ohio St. 174; 3 Pomeroy on Equity, § 1412.
We conclude, therefore, that, upon the facts stated, the plaintiff’s application must be refused.

Judgment accordingly.