GEORGE L. DENNETT vs. ACME MANUFACTURING COMPANY et als.

Penobscot.   Opinion March 26, 1910.

*Mandamus. When Same Lies. Corporations. Stock Certificates. Duty of Officers to Issue. Revised Statutes, chapter 47, sections 34, 35.*

Mandamus lies, in the discretion of the court, to compel performance of a ministerial duty clearly imposed by law in behalf of one whose right to its performance is legally established and unquestioned, where there is no other adequate remedy.

The duty imposed by Revised Statutes, chapter 47, section 34, upon corporate officers to issue stock certificates to persons entitled to them, unless such officers are without knowledge of the apparent title of the person to whom they are issued, is a ministerial duty, enforceable by mandamus.

That a petitioner was a bona fide purchaser for value of stock in the defendant corporation, represented by a certificate previously issued to his vendor, and by her duly assigned and delivered to him, and that he offered to surrender the certificate on receipt of a new one, which he requested, and which the defendant officers refused to issue, shows the petitioner's right to a certificate, under Revised Statutes, chapter 47, section 34, requiring corporate officers to issue certificates to persons entitled to them, unless without knowledge of the apparent title of the person to whom they are issued.

A remedy sufficient to bar mandamus should be commensurate with the petitioner's necessities and rights under all the particular circumstances.

The remedy of a stockholder of a domestic corporation, whose right, under Revised Statutes, chapter 47, section 34, to the issuance of a stock certificate, and to a record of the transfer, has been denied, by an action against the corporation for the value of his shares, or by suit in equity for specific performance, is not sufficiently adequate to bar his right to relief by mandamus.

On exceptions by defendants.   Overruled.

Petition for a writ of mandamus to compel the Acme Manufacturing Company, a private corporation, and its president and treasurer in their official capacities, to issue to the petitioner a certificate for ten shares of the capital stock of the corporation, and to record the transfer of the same upon the books of the company.

The bill of exceptions further states the case as follows: "The respondents filed a demurrer to the original petition asking that it

be dismissed for the reason that the facts stated did not entitle the petitioner to the relief demanded. Thereupon the presiding Justice overruled the demurrer and ordered the alternative writ to issue. Upon the return day of the alternative writ the Acme Manufacturing Company and Frank H. Drummond, its Treasurer, two of the defendants named therein, made return or answer that neither the facts set forth in the original petition, nor the facts set forth in the alternative writ justified the court in interfering with the control and management of the company, and insisted that no such case was made in and upon the petition, or in and by the alternative writ, that required the defendants to make further return or answer to the same. Thereupon the presiding Justice ordered the peremptory writ to issue as prayed for. To all of which orders and rulings of the presiding Justice the two defendants, the Acme Manufacturing Co. and Frank H. Drummond seasonably excepted."

The case appears in the opinion.

*Charles Hamlin, and Hugo Clark,* for plaintiff.

*E. C. Ryder, and B. L. Fletcher,* for defendants.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

KING, J. Petition for a writ of mandamus to compel the Acme Manufacturing Company, a private corporation, and its president and treasurer in their official capacities, to issue to the petitioner a certificate for ten shares of the capital stock of the corporation, and to record the transfer of the same upon the books of the company.

The petition sets forth, that on the 13th day of August, 1909, the Acme Manufacturing Company was a corporation legally established and existing under the general corporation laws of the State of Maine; that the respondents, Drummond and Fogler, were then respectively the duly elected, qualified, and acting treasurer and president of the said corporation; that on said 13th day of August, the petitioner purchased for a valuable consideration ten shares of the capital stock of the corporation, represented by a certificate thereof previously issued to his vendor, and by her duly

and regularly delivered, transferred and assigned to him ; that by virtue of his ownership of said stock he was entitled to have a new certificate of said shares issued to him under the provisions of sec. 34, c. 47, R. S., and a record of transfer thereof made upon the books of the corporation ; that he made application to the respondents to issue to him such certificate which they refused to do ; and that he has not a plain, specific, speedy, or adequate remedy at law in the premises.

A demurrer to the petition, on the ground that the petitioner was not entitled to a writ of mandamus upon the facts stated, was overruled and the alternative writ issued. To that writ, in which the same facts were set forth as in the petition, the respondent, Fogler, as the president of said corporation, made answer that he had been and still was willing and ready to do his part to issue the new certificate as requested. The other two respondents, the corporation and its treasurer, Drummond, made answer to the alternative writ that neither the facts set forth in the original petition nor in the alternative writ are sufficient to justify the issuing of a writ of mandamus. The peremptory writ, however, was ordered to issue, and the case is before this court on exceptions to the orders and rulings of the Justice in the premises.

It is elementary law that mandamus is an extraordinary remedy, not generally grantable of right, but in the discretion of the court, and is only to be used in those cases where, except for its assistance, a ministerial duty plainly enjoined by law must necessarily fail to be enforced, thereby producing irremediable injury from a failure of justice.

From the authorities the general rule is deducible, we think, that mandamus will not be used except to compel the performance of some duty clearly imposed by law and in respect to the performance of which no discretion may be exercised, and in behalf of one whose right to its performance is legally established and unquestioned, and where there is no other sufficient and adequate remedy. *Baker* v. *Johnson*, 41 Maine, 15 ; *Townes* v. *Nichols*, 73 Maine, 515 ; *Bassett* v. *Atwater*, 65 Conn. 353 ; *Murray* v. *Stevens*, 110 Mass. 95 ; *Stackpole* v. *Seymour*, 127 Mass. 104 ; *Galbraith* v. *Building*

*Association,* 43 N. J. L. 389; *Birmingham Fire Ins. Co.* v. *Commonwealth,* 92 Pa. St. 72. Am. & Eng. Ency. of Law, Vol. 19, 2d. Ed. "Mandamus;" Spelling on Extraordinary Relief, secs. 1369-1376.

1. Was there a duty imposed by law upon the respondents to issue to the petitioner the new certificate of stock applied for? We think there was. Among the provisions of chap. 47, R. S., are the following:

"Sec. 34. When the capital of a corporation is divided into shares, and certificates thereof are issued, they may be transferred by indorsement and delivery. The delivery of a certificate of stock of a corporation to a bona fide purchaser or pledgee for value, together with a written transfer of the same or a written power of attorney to sell, assign and transfer the same, signed by the owner of the certificate, shall be a sufficient delivery to transfer the title against all parties. Certificates of shares with the seal of the corporation affixed, shall be issued to those entitled to them by transfer or otherwise, signed by the president or vice-president, and by the cashier, clerk or treasurer. Neither shall sign blanks and leave them for use by the other, nor sign them without knowledge of the apparent title of the person to whom they are issued. In case of the absence or disability of either of said officers, the signature of a majority of the directors in his stead is sufficient.

"Sec. 35. No transfer shall affect the right of the corporation to pay any dividend due upon the stock, or to treat the holder of record as the holder in fact, until such transfer is recorded upon the books of the corporation or a new certificate is issued to the person to whom it has been so transferred."

By these express provisions of the statute the duty to issue new certificates of shares to those entitled to them by transfer or otherwise is plainly enjoined upon the respondents.

The importance and necessity of the prompt issuance of new certificates of shares to the vendees of old ones is made manifest by the provisions of sec. 35 above quoted. Without such new certificate, or recorded transfer, the owner of shares has no legal right to demand from the corporation any dividends declared upon his

shares, or to be recognized by the corporation as a holder of its stock with the rights and privileges incident thereto. In view of these statutory provisions and requirements it cannot be doubted that it was the plain, legal duty of the respondents to issue a new certificate of shares to the petitioner, if he was entitled to the same. That he was so entitled is unquestioned. The facts stated show that he was a bona fide purchaser of the shares for value, and that the old certificate thereof had been assigned and delivered to him by his vendor, thereby giving him "the title against all parties."

2. But it is contended that the provisions of the statute, forbidding the designated officers to sign certificates "without knowledge of the apparent title of the person to whom they are issued," shows that the performance of this statutory duty depends upon an exercise of judgment and discretion on the part of the officers, and is therefore not such a ministerial duty as mandamus will enforce. True it is, that the respondents were not required or permitted to issue the new certificate to the petitioner "without knowledge" of his apparent title thereto.

But if they did not have knowledge of his title they could and should have so returned to the alternative writ, thereby giving the petitioner the right to contest the truth of such return. If, on the other hand, they did in fact have knowledge that he was entitled to the new certificate, then it is clear that they ought to have issued it to him. We think it sufficiently appears that the respondents did have knowledge of the petitioner's title to the new certificate, for it is stated that he was a bona fide purchaser for value of the shares, and that the old certificate had been assigned and delivered to him, and, moreover, that when he applied to the respondents for the new certificate he offered to surrender up the old one. In view of those statements contained in the petition, and in the alternative writ, and the fact that no return thereto was made other than that the facts stated were insufficient in law to justify mandamus, we think the respondents should not now be permitted to claim, as an excuse for not issuing the new certificate, that they were "without knowledge" of the petitioner's right and title thereto.

3.   It is finally contended in behalf of the respondents that the weight of authority is against the granting of mandamus to compel a private corporation or its officers to issue certificates of shares in its capital stock, or to record the transfer of the same on its books.

It will be found, we think, that in a majority of the cases where this question has arisen mandamus has been denied.   But in many of those cases it was not made clearly to appear that there was a duty plainly imposed by law upon the respondents to issue new certificates, or that the petitioner's right to the new certificate claimed was clearly established and unquestioned.   We concede, however, that many of the cases in other jurisdictions, in which apparently the real question decided has been whether mandamus should issue to compel a private corporation to issue certificates of stock to persons entitled thereto, hold that it should not.   The reason given in those cases is that an action at law to recover damages for the refusal of a new certificate, or proceedings in equity to compel its issue and record transfer, would afford the petitioner other adequate remedy.

Our court, however, is not committed to that doctrine.   See *Townes* v. *Nichols*, 73 Maine, page 517.   It is now called upon for the first time to decide whether one, who is admittedly entitled to a certificate of shares in the capital stock of a private corporation, organized and existing under the statutes of this State, has an adequate remedy at law or in equity for its refusal.   Speaking of an adequate remedy sufficient to constitute a bar to relief by mandamus, Mr. Spelling in his work on Extraordinary Relief, sec. 1375, says:

"It must be such a remedy as is calculated to afford relief upon the very subject of the controversy.   For if it is not adequate to afford the party aggrieved the particular right which the law accords him, mandamus will lie, notwithstanding the existence of such other remedy."   Continuing the same author says:   "The controlling question is not, 'Has the party a remedy at law?' but 'Is that remedy fully commensurate with the necessities and rights of the party under all the circumstances of the particular case.' "

The idea of the cases, denying mandamus on the ground that an action at law is open to the petitioner, is that in such action he could recover as damages the market value of the stock, and would thereby be fully indemnified.    But it must be conceded, we think, that in very many cases that idea could not be realized in practice.    Business of all classes and kinds is now carried on under corporate organization.    The capital stock of some of these corporations has some known market value, but that of the greater number of them, perhaps, has none.    Nevertheless, the shares in the latter have a substantial value to the owners thereof.    That value may result from business immediately profitable, from special opportunities and circumstances insuring future profits, or from the good-will of a well established business.    It does not, therefore, seem reasonable that the owner of such shares is afforded adequate relief, for a denial of his rights as a stockholder, by an action at law, to be prosecuted at his own expense and trouble, and for the uncertain recovery of some trifling sum as damages in lieu of the rights and benefits he would have enjoyed if the transfer to which he was entitled had been made to him.    We quote with approval the language of Prof. Thompson's Commentaries on the Law of Corporations, (sec. 2445) where, speaking of the cases holding that an action at law is an adequate remedy, it is said :    "It may be observed that the remedy by an action for the conversion is, in many cases, clearly inadequate, and the rule of these cases is hence unsound on principle. A large shareholder in a corporation may, by the purchase of a few additional shares, acquire a controlling vote therein.    This vote may be to him of many times more value than the value of the shares which, if properly transferred to him, would enable him to exercise it.    But the officers of the corporation may remain in power and possession of its assets, repudiate his rights and tortiously perpetuate their official existence, and his only legal remedy for this great wrong is to have the assets of the corporation mulcted, and other innocent shareholders perhaps damaged, to the extent of the market value of his shares thus converted."

The same reasons and objections, we think, may be urged against the suggestion that the petitioner has an adequate remedy in equity.

Before that remedy could be prosecuted to a final decree important opportunities to enhance the value of the business of the corporation may have passed, and maladministration have wasted and dissipated its assets. Such a remedy is not commensurate with the petitioner's rights. He is entitled to the privileges of a stockholder at once, that he may immediately share in the assets of the corporation and have a part in its affairs. A remedy that can at most afford him his rights as a stockholder only at some future time, is not an adequate remedy.

Notwithstanding the fact that the weight of authority in other jurisdictions appears to be otherwise, we are unable to assent to the doctrine that a bona fide share owner in a private corporation, existing under our statutes, who is wrongfully denied his statutory right to have a certificate of his shares issued to him by the corporation, and a record transfer thereof made on its books, is afforded an adequate remedy — a remedy commensurate with his special and peculiar rights and necessities under all the circumstances, by an action at law against the corporation for the value of his shares, or by equitable proceedings for a specific performance. And we are of opinion that such remedies should not constitute a bar to relief by mandamus to compel such issue and transfer where the petitioner's right is unquestioned, and where neither the corporation nor its officers have, or pretend to have, any reason or excuse for their refusal.

We readily perceive that great injury would often result to a petitioner from a refusal of mandamus in such case as the one at bar, while, on the other hand, we fail to perceive how injustice could be done to any one from granting it in such case, since no reason is given or suggested why the shares should not be transferred as requested.

The conclusion here reached is by no means unsupported by judicial authority. In Cook on Corporations (5th Ed.), sec. 390, the author says: "There is a strong line of decisions, however, which holds that a mandamus does lie to compel a corporation to allow a registry of a transfer of stock, particularly where the corporation has no good and sufficient reason for refusing the registry."

Included in a long list of cases, cited by the author in support of the text quoted, are the following:

*People* v. *Goss, etc., Co.* 99 Ill. 355; *State* v. *Bank*, 89 Ind. 302; *Turnpike Co.* v. *Bulla*, 45 Ind. 1; *Norris* v. *Irish Land Co.*, 8 El. & Bl. 512; *Regina* v. *Carnatic Ry.*, L. R. 8 Q. B. 299; *Slemmons* v. *Thompson*, 23 Oreg. 215; *Hair* v. *Burnell*, 106 Fed. R. 280. See also *In re Klaus*, 76 Wis. 401, 29 N. W. 582; *State ex rel* v. *Consumers Brewing Co.*, 115 La. 728, 40 So. 45; *Scherk* v. *Montgomery*, 81 Miss. 426, 33 So. 507.

In the case at bar the petitioner's right to the new certificate of shares was clearly established and unquestioned. Under the express statutes of this State it was the plain duty of the respondents to issue such certificate to him. They offer no reason or suggestion as an excuse for their refusal. In the opinion of the court mandamus is a permissible and necessary remedy for the petitioner under the circumstances of this case.

The entry will therefore be,

*Exceptions overruled.*