LEON R. ROWE *vs.* BORDER CITY GARNETTING COMPANY.

JUNE 27, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Mandamus.   Corporations.   Stock.   Adequate Remedy at Law.*

Where from the facts the title of petitioner is unquestioned and an action at law does not afford an adequate remedy for refusal of a corporation to transfer stock upon the books of the company, mandamus is a permissible and proper remedy.

*(2)   Mandamus.   Corporations.   Stock.   Title.*

Mandamus cannot be resorted to to compel the transfer of stock, unless the legal right of petitioner is unquestionable.

*(3)   Mandamus.   Corporations.   Stock.   Adequate Remedy at Law.*

Since the passage of Article XII of Amendments to the Constitution, providing that the Supreme Court "shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law" and of General Laws, 1909, cap. 272, sec. 2, providing that the Supreme Court "may issue writs of . . . mandamus . . . and all other extraordinary and prerogative writs and processes necessary for the furtherance of justice and the due administration of the law" if the circumstances of the case show, that a petitioner has no other adequate legal remedy and that justice can be done only by mandamus, mandamus will lie, although such use of the writ may run counter to its use under the practice established by the common law.

*(4) Inspection of Books. Demand.*

Without evidence of a demand for inspection of the books of a corporation and of its refusal, petition for mandate permitting such inspection will be denied.

MANDAMUS. Heard and prayer granted in part.

BAKER, J. This is a petition for a writ of mandamus against the Border City Garnetting Co., a corporation organized under the laws of this State, and Allan McIntosh, Ulric A. Poulin and Hector L. Poulin, respectively President, Treasurer and Secretary of said corporation, ordering it and them to transfer upon the books of said corporation forty-six shares of the stock of said corporation now standing in the name of the defendant Allan McIntosh, and represented by three certificates, one for thirty shares and two for eight shares each, to the name of the petitioner and to issue new certificates therefor to your petitioner. A citation was issued and duly served on the corporation and the other respondents. There was a general entry of appearance for respondents by an attorney, although it was apparent at the hearing that he did not represent Allan McIntosh, who did not appear and was, we assume, in fact unrepresented. The counsel for the respondents in open court admitted that the title of the petitioner to the thirty shares represented by the certificate for that amount was a clear one and that he was entitled to have them transferred upon the books of the corporation and a certificate therefor issued to him and the evidence offered also shows this to be the fact. But the petitioner's title to the sixteen shares represented by the two certificates of eight shares each was disputed, the two respondents Poulin claiming that the respondent McIntosh had received these two certificates in trust and had transferred them in breach of that trust to the petitioner, claiming also that the petitioner

at the time of the transfer had knowledge of these alleged facts.

The respondents urge that mandamus is not the proper proceeding to compel a transfer of corporate stock upon the books of a private corporation and the issuance of a new certificate on the ground that the petitioner has an (1) adequate remedy in an action at law for the value of the stocks claimed. The textbook writers and commentators as a rule concede that the weight of authority supports this claim. For example, while Cook on Corporations (1913 Ed.) in Sec. 389 of Vol. II says that the remedies of a transferee for refusal of the corporation to allow the registry of a transfer of stock, are three, namely, he may apply in a court of law for a mandamus to compel the transfer, or to a court of equity to accomplish the same purpose, or may bring an action at law against the corporation for damages for conversion of his stock, in Sec. 390 in discussing the remedy by mandamus says, '' The authorities are in irreconcilable conflict on the question whether a mandamus lies to compel a corporation to allow a registry on its books of a transfer of stock. The weight of authority holds very clearly that mandamus will not lie. This rule is based largely on the historical origin of the writ of mandamus, and on the theory that the stock of a private corporation has no peculiar value, and may be readily obtained in open market or fully compensated for in damages. There is a strong line of decisions, however, which holds that a mandamus does lie to compel a corporation to allow a registry of a transfer of stock, particularly where the corporation has no good and sufficient reason for refusing the registry,'' and he cites with great fulness the cases supportive of the two views. See, also, as to weight of authority on this point, 26 Cyc. 347, 7 R. C. L., page 271; Thompson on Corporations (2nd Ed.), Vol. IV, Sec. 4439; 19 Am. & Eng. Ency. of Law 881; Morawetz on Private Corporations, Vol. I,

Sec. 215, and Bailey on Habeas Corpus and Special Remedies (1913), Vol. II, Sec. 303.  The latter writer says:  " The courts of this country quite generally at an early day, when the remedy by mandamus was much more restricted in its nature and purpose than it is at present, concluded that the writ would not lie to compel the proper officer to transfer stock of a shareholder upon the books of the company.  Since that time, relying upon the precedents established, many of them, and others where the question became one of first impression, have adhered to the original holding.  The reason upon which their conclusion was based, is that the shareholder had an adequate remedy at law against the corporation, for the value of the stock claimed."  After pointing out conditions under which the action at law would not afford an adequate remedy, the author says:  " Courts of respectable authority hold that such transfer may be compelled by mandamus, especially where there is no dispute with respect to the ownership or right of possession of the stock.  It would seem that some of the courts do not hold that the writ will not lie in all cases, or that an action for value of the stock is an adequate remedy.  They only so hold when the legal right of the petitioner to the possession of the stock and to the right of transfer is not clear and unquestionable; and such undoubtedly is the better rule and best in accord with the principles which underlie the granting of the writ.  If there be doubt as to what his legal right may be, involving the necessity of litigation to determine it, mandamus ought to be withheld, upon the well settled principle that the relator must show a clear right."

In *Dennett* v. *Acme Mfg. Co.,* 106 Me. 476, there was a petition for mandamus for a transfer of stock and the issuance of a new certificate.  On page 482 the court says:  " The idea of the cases, denying mandamus on the ground that an action at law is open to the petitioner, is

that in such action he could recover as damages the market value of the stock, and would thereby be fully indemnified. But it must be conceded, we think, that in very many cases that idea could not be realized in practice. Business of all classes and kinds is now carried on under corporate organization. The capital stock of some of these corporations has some known market value, but that of the greater number of them, perhaps, has none. Nevertheless, the shares in the latter have a substantial value to the owners thereof. That value may result from business immediately profitable, from special opportunities and circumstances insuring future profits, or from the good will of a well established business. It does not, therefore, seem reasonable that the owner of such shares is afforded adequate relief, for a denial of his rights as a stockholder, by an action at law, to be prosecuted at his own expense and trouble, and for the uncertain recovery of some trifling sum as damages in lieu of the rights and benefits he would have enjoyed if the transfer to which he was entitled had been made to him." . . .

" The same reasons and objections, we think, may be urged against the suggestion that the petitioner has an adequate remedy in equity. Before that remedy could be prosecuted to a final decree important opportunities to enhance the value of the business of the corporation may have passed, and maladministration have wasted and dissipated its assets. Such a remedy is not commensurate with the petitioner's rights." . . .

" Notwithstanding the fact that the weight of authority in other jurisdictions appears to be otherwise, we are unable to assent to the doctrine that a *bona fide* share owner in a private corporation, existing under our statutes, who is wrongfully denied his statutory right to have a certificate of his shares issued to him by the corporation, and a record transfer thereof made on its books, is

afforded an adequate remedy — a remedy commensurate with his special and peculiar rights and necessities under all the circumstances, by an action at law against the corporation for the value of his shares, or by equitable proceedings for a specific performance.   And we are of opinion that such remedies should not constitute a bar to relief by mandamus to compel such issue and transfer where the petitioner's right is unquestioned, and where neither the corporation nor its officers have, or pretend to have, any reason or excuse for their refusal.

" We readily perceive that great injury would often result to a petitioner from a refusal of mandamus in such case as the one at bar, while, on the other hand, we fail to perceive how injustice could be done to any one from granting it in such case, since no reason is given or suggested why the shares should not be transferred as requested."   See cases there cited and in addition *Sheppard* v. *Rockingham Power Co.,* 150 N. C. 776, 781.

There was a statutory provision in Maine requiring the issuance of a new certificate.   But this does not seem to us to be material as it is generally recognized that " Where there is a valid sale of stock, and a *bona fide* owner presents his certificate to the company and demands a registration of his shares, the corporation is legally bound to recognize his ownership and to make due transfer of such stock, in his name, on its books." 7 R. C. L., page 262.

(1)    From the testimony offered in the case at bar as to the financial condition of the corporation we are of the opinion that an action at law, so far as the certificate representing thirty shares is concerned, does not afford the petitioner an adequate remedy and that mandamus is a permissible and proper remedy for him in the circumstances of this case.   Although not precisely in point see, also, *Portland Stone Ware Co.* v. *Taylor,* 17 R. I. 33; *Cornell* v. *Barber,* 31 R. I. 358, 378, for similar

use of the writ; also *Norris* v. *Irish Land Co.*, 8 E. & B. Reports 512, opinion of Coleridge on page 527, as to tendency to enlarge the remedy by mandamus.

We think the situation as to the sixteen shares represented by the two certificates of eight shares is a different one. The title of the petitioner to them is questioned. In (2) *Townes* v. *Nichols,* 73 Me. 515, there was a petition for mandamus for the issuance of a certificate of stock, and the title of the stock was in question. The court said, on page 517: "All the authorities declare that the remedy by mandamus cannot be resorted to in a case like this, unless the legal right of the petitioner to the possession of the thing sought for is clear and unquestionable. If there be doubt as to what his legal right may be, involving the necessity of litigation to settle it, mandamus must be withheld. Mandamus is the right arm of the law. Its principal office is, not to inquire and investigate, but to command and execute. It is not designed to assume a part in ordinary law suits or equitable proceedings. . . . An application of this rule defeats the petitioner's claim under the present proceeding. . . . It should appear to be an unquestionable claim." See Bailey on Habeas Corpus, *etc., supra,* Sec. 303; *Murray* v. *Stevens,* 110 Mass. 95.

In our opinion in the circumstances disclosed in this case mandamus is not a permissible remedy for the petitioner as to the shares represented by the two certificates of eight shares each. He must resort to some other proceeding for relief. Cook on Corporations, *supra,* in Sec. 390, suggests that by a bill in equity " not only can a registry be specifically decreed and ordered by the court, but the rights of the corporation and of all the claimants may be fully and finally heard and disposed of."

We do not regard our conclusions in the present case as in conflict with *Wilkinson* v. *Providence Bank,* 3 R. I.

22.   Referring to mandamus the court said: " The law . . . wisely restricts its application as a remedy to enforce mere private rights of property to cases where the applicant has no adequate remedy by action in the due course of common law." And after calling attention to the fact that there was a dispute as to the ownership of the stock, said: " The present proceeding is a very imperfect mode of trying these questions " and held that an action at law for damages for the refusal of the bank to transfer shares of its stock was an adequate remedy, and left the petitioner to the common-law remedy by action. We believe the decision was sound; and although we might now be disposed to place more (3) emphasis on the existence of the dispute as to ownership, we do not now mean to imply that in the absence of such dispute the court may not in its discretion refer a petitioner to his remedy at law, if it deem such remedy in the circumstances adequate. It may be noted also that *Wilkinson* v. *Providence Bank, supra,* was decided under the constitution and statutes in force in 1853 in strict accordance with the rules of the common law. Article XII of Amendments to the Constitution, adopted November, 1903, provides among other things that the Supreme Court " shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law." Sec. 2 of Chap. 272 of the General Laws provides that the Supreme Court " may issue writs of habeas corpus, of error, certiorari, mandamus, prohibition, quo warranto, and all other extraordinary and prerogative writs and processes necessary for the furtherance of justice and the due administration of the law." It is not to be presumed, we think, that this amendment and this statute are intended to alter the essential character of these prerogative writs. It does not seem, however, too much to claim as to the matter of the proper use of process, say of mandamus,

that, if the circumstances of the case show, in the judgment of the court, that a petitioner has no other adequate legal remedy and that justice can be done only by mandamus, the statute does in such case authorize the use of mandamus, although such use may run counter to its use under the practice established by the common law.

(4)    The petitioner also asks for a mandate permitting him to inspect the books of the corporation.   There is no evidence of any demand for such inspection and of its refusal and this request is denied.

The prayer of the petition is granted to the extent that a peremptory writ of mandamus is ordered to issue to the respondent corporation commanding it by its president and treasurer to transfer on its books the thirty shares of stock, represented by certificate No. 8, now standing in the name of Allan McIntosh, to the name of the petitioner and to issue to him a new certificate for said shares, upon the surrender to it for cancellation of the certificate now held by him.   In other respects the petition is denied.

*Walling & Walling,* for petitioner.
*John R. Higgins,* for respondents.