### No. 9541.

#### CAPITOL PETROLEUM COMPANY, ET AL. *v.* HALDEMAN.

MANDAMUS—*Where the Writ Lies.* The duty of corporate officers to issue stock certificates to those entitled thereto is a ministerial duty, enforcible by mandamus.

PLAINTIFF holding shares in the Wyoming Oil Company, the defendant purchased from that corporation all its properties, agreeing that the stockholders in the Wyoming Company, on surrender of their certificate, should receive for each share thereof, one share in the defendant.

MANDAMUS was allowed to compel compliance of the defendant with this agreement.

THAT defendant was engaged in prospecting for and producing mineral oil, so that its stock is of variable and uncertain value was held a special reason for the allowance of the writ.

*Error to Denver District Court, Hon. Henry J. Hersey, Judge.*

Mr. JOHN G. POWELL, Mr. GEO. Q. RICHMOND, for plaintiffs in error.

Mr. H. A. CALVERT, Mr. C. A. PRENTICE, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is a suit in mandamus brought by I. Haldeman, hereinafter referred to as the plaintiff, against The Capitol Petroleum Company and its president and secretary, as defendants. The trial court, upon a hearing, granted to the plaintiff a peremptory writ of mandamus, as prayed for, requiring the defendants to issue and deliver to the plaintiff certificates of stock for 155,000 shares of the capitol stock of the defendant company. The defendants bring the cause here for review.

The record shows that the defendant company took over, and acquired, from the Western Wyoming Oil Company all of the leases and other property owned and held by the latter, under an agreement whereby the stockholders of the last named company were to surrender their stock to the defendant company and receive from it one share of stock in The Capitol Petroleum Company for each share of stock owned in The Western Wyoming Oil Company, the certificates for which should be transferred and delivered to the defendant company, according to the agreement. The plaintiff was one of the stockholders of The Western Wyoming Oil Company. It is conceded that she owned 225,000 shares of stock in that company; that she had surrendered to the defendant company the certificates evidencing the title to such stock, for purpose of demanding and securing a like number of shares in The Capitol Petroleum Company; and, that she demanded such shares in the above named defendant company. The defendants recognized her ownership of the shares or certificates surrendered or delivered, and those demanded in place thereof, and her right to receive the certificates in the defendant company, which were demanded. Pursuant to such recognition, the defendants issued to plaintiff 70,000 shares of the capital stock in the defendant company, and gave her receipts showing that they had received from her the balance of the 225,000 shares of stock in The Western Wyoming Oil Company, the balance being 155,000 shares. Each of these receipts recited, after acknowledging the number of shares

of stock in certificates of stock in the above last named company were endorsed by plaintiff and received by the defendant company, that "an equal number of shares of The Capitol Petroleum Company will be paid."

The evidence fails to disclose any sufficient reason why the defendant should not issue to the plaintiff certificates for 255,000 shares of the capital stock of their company. The defendant company having taken over all the assets of The Western Wyoming Oil Company took over the plaintiff's share in such assets. The evidence not only fails to sustain but disproves the allegation in defendant's answer that plaintiff's certificate in The Western Wyoming Oil Company were "spurious and fictitious." The stock, evidenced by such certificates, had been issued to the plaintiff prior to the time at which the defendant company took over the property of The Western Wyoming Oil Company. The evidence amply shows that the plaintiff has a clear right to have issued to her, and to receive, the certificates demanded from defendants and sued for.

The principal question presented for our determination is whether or not the plaintiff is entitled to relief by invoking the writ of mandamus.

Section 341 of the Code of 1908 provides as follows:

"The writ of mandamus may be issued, in the manner provided in this chapter, and not otherwise, by any court of record or upon the order of any judge thereof, to an inferior tribunal, corporation, board, officer or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, officer or person."

The relief sought by the plaintiff in the instant case comes within the section above quoted. The legislature expressly provided that the writ of mandamus shall lie against private corporations and their officers. Section 850 R. S. 1908 provides that "shares of stock * * * shall be deemed

personal property and transferable as such in the manner provided by the by-laws." The by-laws of the defendant company show that "transfers of stock shall be made only upon the books of the company, upon endorsement and surrender of certificates for stock transferred, * * * and no person shall be recognized as a stockholder except as may be of record upon the books of the company." Under the facts recited in this opinion, the plaintiff is entitled to the rights of, and to be regarded as, a stockholder in the defendant company, and as one holding and owning 155,000 shares thereof. The plaintiff, as such stockholder, was and is entitled to receive from the defendants certificates of stock representing her interests in the corporation. 1 Cook on Corporations (7th ed.), sec. 61; 2 Clark and Marshall on Private Corporations, 1335. It was, therefore, unquestionably the duty of the defendant company and its proper officers to issue and deliver such certificates to her, and to record her ownership of shares in the book containing a list of stockholders and the number of shares held by each, which book is provided for in Section 870 R. S. 1908. The peremptory writ of mandamus granted by the trial court was one "to compel the admission of a party to the use and enjoyment of a right * * * to which he (or she) is entitled, and from which he (or she) is unlawfully precluded by such * * * corporation, officer or person," within the meaning of the code section on mandamus, hereinbefore quoted. The plaintiff being deprived of the issuance and possession of the certificates of stock in question, was thereby deprived of evidence of the shares owned by her, and prevented from being listed as a stockholder upon the books of the company, all of which precluded the exercise of her right to vote and participate in the management of the corporation and to share in the dividends. Under similar code provisions relating to mandamus, and under statutory provisions similar to those of this state, relating to corporations, it has been held that mandamus will lie, and is the proper remedy to compel the officers of a corporation to make a transfer of stock on its books. *Green Mount and State*

*Line Turnpike Co. v. Bulla,* 45 Indiana 1; *Amidon v. Elevator Co.,* 28 S. D. 24, 132 N. W. 166. In *Dennett v. Acme Mfg. Co.,* 106 Maine 476, 76 Atl. 922, it was held that the duty imposed by statute upon corporate officers to issue stock certificates to persons entitled to them, unless such officers are without knowledge of the apparent title of the persons to whom they are issued, is a ministerial duty, enforceable by mandamus.

The principal contention of the defendants is that "the plaintiff has a plain, speedy and adequate remedy in the ordinary course of law," and that, therefore, the plaintiff is not entitled to any relief by mandamus, it being provided in section 342 of the Code that "the writ shall not be issued" in any such case.

We cannot agree with this contention. That neither an action for damages or a suit in equity would afford the plaintiff an adequate remedy, is a conclusion supported by numerous authorities, including the well considered case of *Dennett v. Acme Mfg. Co., supra,* where, among other things the court said:

"The idea of the cases, denying mandamus on the ground that an action at law is open to the petitioner, is that in such action he could recover as damages the market value of the stock, and would thereby be fully indemnified. But it must be conceded, we think, that in very many cases that idea could not be realized in practice. Business of all classes and kinds is now carried on under corporate organization. The capital stock of some of these corporations has some known market value, but that of the greater number of them, perhaps, has none. Nevertheless the shares in the latter have a substantial value to the owners thereof. That value may result from business immediately profitable, from special opportunities and circumstances insuring future profits, or from the goodwill of a well established business. It does not, therefore, seem reasonable that the owner of such shares is afforded adequate relief, for a denial of his rights as a stockholder, by an action at law, to be prosecuted at his own expense and trouble, and for the uncertain

recovery of some trifling sum as damages in lieu of the rights and benefits he would have enjoyed if the transfer to which he was entitled had been made to him. We quote with approval the language of Prof. Thompson's Commentaries on the Law of Corporations, (sec. 2445) where, speaking of the cases holding that an action at law is an adequate remedy, it is said: 'It may be observed that the remedy by an action for the conversion is, in many cases, clearly inadequate, and the rule of these cases is hence unsound on principle. A large stockholder in a corporation may, by the purchase of a few additional shares, acquire a controlling vote therein. This vote may be to him of many times more value than the value of the shares which, if properly transferred to him, would enable him to exercise it. But the officers of the corporation may remain in power and possession of its assets, repudiate his rights and tortiously perpetuate their official existence, and his only legal remedy for this great wrong is to have the assets of the corporation mulcted, and other innocent shareholders perhaps damaged, to the extent of the market value of his shares thus converted.'

"The same reasons and objections, we think, may be urged against the suggestion that the petitioner has an adequate remedy in equity. Before that remedy could be prosecuted to a final decree important opportunities to enhance the value of the business of the corporation may have passed, and maladministration have wasted and dissipated its assets. Such a remedy is not commensurate with the petitioner's rights. He is entitled to the privileges of a stockholder at once, that he may immediately share in the assets of the corporation and have a part in its affairs. A remedy that can at most afford him his rights as a stockholder only at some future time, is not an adequate remedy."

The reasoning and the holding in the Maine case, above cited, is in accord with the modern trend of the decisions. The case was cited with approval in *Rowe v. Border City Garnetting Co.* (R. I.), 101 Atl. 223, decided in 1917, and in *Citizens' Nat. Bank v. Consolidated Glass Co.* (W. Va.),

97 S. E. 689, decided in 1918. In the latter case the court, among other things, said:

"In these days when a large part of all commercial business is transacted through corporations and the private success and fortunes of individual citizens are so largely involved therein, and prompt action in the registry and transfer of their shares is required to preserve the rights of stockholders and promote the interests of the corporation, it is very cold comfort to refer the stockholder to a court of law where he may have a judgment for damages. In many, if not most instances, such relief will be wholly inadequate; the stock in a large majority of cases has no market value; its value in many instances is prospective, or depending on the management of the affairs of the corporation; the shares involved may be necessary to wrest the control of the corporations from incompetent or corrupt officers. In such cases there is no way to, measure the actual damages, and a stockholder with large interests involved without speedy process to enforce his rights is at the mercy of officers who have no reason to deprive him of his rights, except to further some private and personal ends of their own. And in such cases even equity will in most instances furnish no adequate relief."

In *The Green Mount & S. L. T. Co. v. Bulla, supra,* it is said:

"It is contended by the appellant that mandamus will not lie in such case, but that the remedy of the plaintiff is an action for damages. Authorities are cited to that effect, but the more modern decisions are the other way."

In 2 Clark and Marshall on Private Corporations, sec. 425, p. 1336, it is said:

"By the weight of authority, if a corporation wrongfully refuses to issue a proper certificate of stock when it has the power and is under an obligation to issue the same, mandamus will lie to compel it to do so."

The foregoing was quoted with approval in *In re Ballou,* 215 Fed. 810. Practically the same language is found in 5 Fletcher Cyclopedia Corporations, sec. 3291, p. 5059.

It appears from the evidence that the defendant company is a corporation engaged in prospecting for, and in the production of oil. Under all the circumstances of the case, the remedy by mandamus is appropriate, and the reasoning of the cases sustaining the writ especially applicable to the instant case. The physical assets of a corporation of this character may, at a given time, be very meager, and its stock be nearly worthless. On a following day, by reason of the boring of a foot of ground and the opening of an oil gusher, the stock may suddenly attain a very high value. Consequently, in most cases, a true measure of damages cannot be ascertained for the conversion of stock of this character, and a remedy in equity may be inadequate because of the delay in reaching the final decree.

We are of the opinion that the plaintiff has no plain, speedy and adequate remedy in the ordinary course of law, either by an action for damages or a suit in equity, and that, therefore, the plaintiff was entitled to the peremptory writ of mandamus as granted by the trial court.

For the reasons above stated, the judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.