# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

DURING THE YEAR 1905.

---

## William V. Smith v. Automatic Photographic Company.

### Gen. No. 11,625.

1. MANDAMUS—*when lies.* Mandamus lies to compel a private corporation to permit a transfer of stock on its books when such stock has been purchased at private sale by the relator.

2. MANDAMUS—*what does not preclude remedy by.* The remedy by *mandamus* will not be denied merely because the relator may have another specific remedy.

*Mandamus* proceeding. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Reversed and remanded. Opinion filed April 18, 1905.

Statement by the Court. The Circuit Court sustained a demurrer to a petition for a *mandamus* to compel the defendant, a corporation for pecuniary profit organized under the laws of Illinois, to allow a registry on its books of a transfer of stock to the relator, and the petitioner electing to stand by the petition, final judgment was rendered for the respondent, from which this appeal was taken.

CHARLES R. NAPIER, for appellant.

S. MINOT JONES, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

(649)

No question is made as to the sufficiency of the petition, and the only question presented by the record is whether a *mandamus* will lie to compel a private corporation to permit a transfer of stock on its books when such stock has been purchased at private sale by the relator.

In People ex rel. v. Sterling Burial Case Mfg. Co., 82 Ill. 457, a petition for a *mandamus* to compel such a transfer was filed in the Circuit Court, to which an answer was filed which set up as a defense that the stock, the transfer of which upon the books of the corporation it was sought to compel, had been issued without payment and was therefore illegal and void. The judgment of the Circuit Court for the respondent was affirmed upon the ground that the evidence showed that the stock of the relator was issued without payment, was illegal and void and therefore, "the corporation could not be required to transfer the same upon its books." The objection that *mandamus* would not lie in such a case does not appear to have been made, but such an objection is in its nature jurisdictional and if, in the opinion of the Supreme Court, no *mandamus* would lie in such a case, it would seem probable that the decision would have been placed upon that ground rather than upon the ground on which it was placed.

In People's Bank v. Gridley, 91 Ill. 457, it was held that, as against a judgment creditor, title to stock can only pass by transfer on the books of the corporation.

A *mandamus* was awarded in People ex rel. v. Mfg. Co., 99 Ill. 355, to compel a corporation to record the transfer of shares of its stock bought at a sale under an execution.

It is urged that the present case is to be distinguished from the case last referred to, because the statute makes it the duty of a corporation to record the transfer of its stock where the same is sold on execution, but imposes no such duty where its stock is sold at private sale.

The power to issue transferrable certificates of stock to its stockholders, is an implied power of a corporation. Section 7 of the Corporation Act provides that "shares of stock shall be transferrable." Section 13 requires the cor-

poration to keep at its principal office correct books of account of all its business. Sections 52 to 57, chapter 77, R. S., provide for the sale of shares of stock on execution. Section 56 provides that "An attested copy of the execution and of the return thereon, shall within fifteen days after the sale be left with the officer of the company whose duty it is to record transfers of shares; and the purchaser shall thereupon be entitled to a certificate of the shares bought by him upon the payment of the fees therefor and for recording the transfer."

The provision that the execution with the return thereon, shall be left "with the officer whose duty it is to record transfers of shares," clearly implies that it is the duty of the corporation, through some officer thereof, "to record transfers of shares" in its books. Such a record is, as has been said, necessary to pass the title to the stock to the assignee as against a judgment creditor of the assignor.

It is too plain to require further comment that the law imposes upon a corporation a duty to permit a transfer upon its books of stock purchased at private sale.

It may be that a court of equity could compel the respondent to perform this duty, or that an action at law against it will lie for damages sustained by the relator by reason of the breach of such duty, but it is no longer an objection to the granting of a *mandamus* in this State that the relator may have another specific remedy.

Upon the facts stated in this petition, a plain and obvious duty, created by law, not by mere private contract, rests upon the respondent. A *mandamus* affords a proper and sufficient remedy for the enforcement of that duty, and that is sufficient to justify the award of the writ.

The authorities in other jurisdictions upon the question here presented are conflicting. They are cited and examined in 1 Cook on Stockholders, Sec. 390.

In our opinion the Circuit Court erred in sustaining the demurrer to the petition, and the judgment of that court will be reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*