## The People of the State of Illinois ex rel. F. W. Matthiessen et al., Appellees, v. C. B. Lihme, Appellant.

### Gen. No. 6,062.

RAILROADS, § 39*—*who may be director.* Under the Railroad Act of 1872 (J. & A., ¶ 8742), providing that the directors of a railroad company shall be stockholders, a person may be elected a director although his stock was transferred him for the express purpose of qualifying him for the office. (*People ex rel. Matthiessen v. Lihme, ante,* p. 341 followed.)

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Reversed with finding of facts. Opinion filed April 15, 1915.

MONTGOMERY, HART, SMITH & STEERE, for appellant; CHARLES S. CUTTING, N. H. PRITCHARD and J. D. DICKERSON, of counsel.

GEORGE WILEY and M. F. GALLAGHER, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This case is between the same parties, was begun the same day, presents the same questions, and is represented by the same attorneys as Gen. No. 6,064 *ante,* p. 341, in which our opinion is filed herewith. The Hegeler and Matthiessen families own the stock in the La Salle & Bureau County Railroad Company, substantially as they do the stock in the Matthiessen & Hegeler Zinc Company. The appellant, C. B. Lihme, held a share of stock in the railroad company and stood on the books as a stockholder under practically the same conditions as he held his share in the zinc company, and was a director in the railroad company. This suit was begun by petition for leave to file an in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

formation filed by the relators, and leave obtained and petition filed by the State's Attorney as in the other case. There is the same stipulation dispensing with written pleadings. It was tried by the court without a jury and resulted in a finding of guilty and a judgment of ouster, from which judgment this appeal is prosecuted.

There was a stipulation of facts read in evidence reciting that the company is an Illinois corporation organized August 30, 1890, under the Railroad Act of 1872 (J. & A. ¶ 8742), for the period of fifty years for the purpose of operating a railroad, with the principal office at La Salle, Illinois, capital stock $50,000; that the stock has been ever since the organization of the company, equally divided between E. C. Hegeler and members of his family on the one part, and F. W. Matthiessen and the members of his family on the other part, except some four shares issued to other parties by agreement of Hegeler and Matthiessen. The by-laws provide for five directors divided into two classes, term of office of members of the first class expiring Dec. 18th of even numbered years, and of the second class Dec. 18th of odd numbered years. That E. C. Hegeler died in June, 1910, and by his will left all his stock in the company, consisting of 248 shares, to Mary Hegeler Carus, his daughter, as trustee, for the benefit of his children (naming them), upon the same trusts as the capital stock of the Matthiessen & Hegeler Zinc Company. That the stock certificate was issued to Lihme and by him indorsed in blank and deposited in the safety deposit box (the same as the share of stock in the other case); that appellant was elected director at an adjourned annual meeting on January 12, 1912, by the unanimous vote of all stockholders present, including the relators, and no objection made to his qualification as a stockholder or his right to act as a director; that he was theretofore elected as a director in March, 1911, and at all times since that date,

until December 18, 1913, he has continued to serve as a director of the corporation. There was some oral testimony introduced from which it appeared that Paul Carus owned a share of stock in the company prior to March 21, 1911, and apparently under some family settlement it was agreed that it should become a part of the shares left in trust to his wife, Mary Hegeler Carus, and he transferred that share to appellant with substantially the same understanding and agreement that was expressed in writing in the case of the transfer of the one share of stock by Mrs. Carus to appellant in the other case. It was transferred to appellant for the purpose of qualifying him to act as director in the company. He had and claimed the same interest in it that he had in the share of zinc stock transferred to him by Mrs. Carus and practically no other or different interest, although on December 10, 1913, before this suit was begun, anticipating some question in the matter, he drew a check for $100 in payment of his share of stock in favor of Paul Carus, who was absent from the country at that time, and gave it to Mrs. Carus, who was acting as the agent of her husband, which check was afterwards paid; and on the same day he executed an option contract in which he agreed to sell to Mrs. Carus, trustee, or to her successor in trust, said one share of stock within three years from date of the agreement, upon demand and payment of the sum of $100 being the par value of the stock, he received $10 in payment for this option privilege.

We are of the opinion that these two features of this transaction, the delivery of the check and the option contract, are of no significance on the question whether appellant was at the time of his election a stockholder, and that the fact that there is no written agreement as to the terms and conditions under which he held the stock does not distinguish the case from the *Zinc Company* case, *supra*. They were operating

under the same clause of the will of E. C. Hegeler, and attempting in the same way to qualify appellant as a stockholder, and for the reasons stated in the *Zinc Company* case we are of the opinion that he was, within the meaning of our railroad act requiring a director to be a stockholder, eligible to the office of director at the time of his election, and therefore that the court erred in rendering judgment against him.

The judgment is therefore reversed.

*Reversed with finding of facts.*

Finding of Facts. We find that the respondent, C. B. Lihme, held the office of director under a valid election of the stockholders of the company, and that he was a stockholder in the company and qualified to hold the office at the time of his election and at the time of the beginning of this suit in the court below.