## The People of the State of Illinois ex rel. F. W. Matthiessen et al., Appellees, v. C. Diesterweg, Appellant.

### Gen. No. 6,063.

RAILROADS, § 39*—*who may be director.* Under the Railroad Act of 1872 (J. & A. ¶ 8742), providing that the directors of a railroad company shall be stockholders, and a by-law requiring directors to be elected by and from the stockholders, a person may be elected to that office notwithstanding that his stock was transferred him for the express purpose of qualifying him for a director.

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Reversed with finding of facts. Opinion filed April 15, 1915.

MONTGOMERY, HART, SMITH & STEERE, for appellant; CHARLES S. CUTTING, N. H. PRITCHARD and J. D. DICKERSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GEORGE WILEY and M. F. GALLAGHER, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This is a proceeding on an information in the nature of a quo warranto to test the right of C. Diesterweg, the appellant, to hold the office of director in the La Salle & Bureau County Railroad Company. He was elected to the office January 12, 1912, at the same adjourned stockholders' meeting at which C. B. Lihme was elected, and with the exception of the facts concerning his acquiring and holding of stock, the case is practically the same as that of *People ex rel. Matthiessen v. Lihme,* Gen. No. 6,062, *ante,* p. 357, in which our opinion is filed herewith. On a trial by the court without a jury, judgment of ouster was entered, from which this appeal is prosecuted.

Prior to appellant's election, Mary Hegeler Carus as trustee transferred to him one share of stock, but with no agreement oral or written of trust in favor of the Hegeler children, and F. W. Matthiessen, the principal stockholder of the Matthiessen interest, transferred to him another share of the stock. The stock was so transferred for the purpose of making him eligible to the office of director in the company. These two shares of stock were issued to him and he stood on the books of the company as a stockholder and was elected director by the unanimous vote of all the stockholders present, including the relators. He paid nothing for either of these shares of stock, but took the certificates and kept them in his possession until October 25, 1913, when on request of Mr. Matthiessen he returned to him the certificate that had been issued on the transfer made by Matthiessen. There was a suggestion by Matthiessen that appellant was not a bona fide stockholder and was not eligible to the office of director. Mrs. Carus in anticipation of the annual meeting of December 18, 1913, and with a view to removing

any question of appellant's eligibility, transferred to him a share of stock that belonged to her personally and he paid her therefor $100. She then took from him an option contract, similar to the one she took from Lihme, in which he agreed to sell her as trustee on demand, at any time within three years, this share of stock for $100, for which option she paid him $10. Appellant was in the employ of Mrs. Carus as her secretary, and these two shares of stock indorsed in blank were kept in an envelope marked "Property of C. Diesterweg," which was put by him in a safe belonging to Mrs. Carus in her home, to which safe he had access and in which he kept private papers of his own.

The question of estoppel arises more strongly here than in the *Zinc Company* case (*People ex rel. Matthiessen v. Lihme,* Gen. No. 6062), *ante,* p. 357. We are inclined to the opinion that the relator, F. W. Matthiessen, should not be permitted to transfer stock to the appellant for the purpose of qualifying him to act as a director, and then by his vote aid in electing him to that office, and afterwards say that he was not a stockholder and not eligible; but as the record does not show that the two other relators, at the time they voted for appellant, knew under what conditions he held his stock, we will not decide the question of estoppel, but will let the decision of the case rest on the question whether appellant was at the time of his election a stockholder within the meaning of the statute, requiring that qualification and a by-law of the company providing that the directors "shall be elected by and from the stockholders."

The case differed from the two Lihme cases Nos. 6,062 and 6,064, *ante,* pages 341, 357, in the following respects: There is, we think, no question in this case but the certificates of stock were in the possession of appellant before and at the time of his election and ever since, until the beginning of this suit. As we

have before said, there is no declaration of trust in this case. And in this case appellant collected, retained and used, as his own property, the dividends on the shares of stock while they were in his possession.

On the authority of the cases cited, quoted from and discussed in the two Lihme cases above referred to, we are of the opinion that appellant was a stockholder at the time of his election and so remained up to and at the time this suit was brought. The case of *In re Ringler & Co.*, 204 N. Y. 30, is much relied on by appellee, and there are expressions by the court in that case supporting his contention. The court there held that it was not sufficient that the name appears on the books of the company as that of a stockholder, that the question is whether one was a stockholder in fact. In that case stock had been transferred for the purpose of qualifying parties as directors and retransferred with the intention of parting with all title thereto. The court said that it was taken "with no thought of holding it even until they were elected; for they at once retransferred the stock to the owner." But it was there said that the transfer of stock "for the express and avowed purpose of qualifying the transferee for election to the office of director" was permissible, and if the transfer was made in good faith, and the transferee actually held the stock during his incumbency of office, such a transferee is a stockholder within the purview of the law, that it is sufficient if he actually takes and holds the stock during his term of office.

There are expressions in that case and some other cases that indicate that a beneficial interest in stock is regarded necessary under similar statutes and by-laws; but there is no great conflict of authority when the cases are read, remembering the question before the court when the opinion was written, and in our opinion the law is correctly stated in the authorities quoted by us in the two *Lihme* cases, *supra*. It follows that in our opinion the court erred in entering

judgment against the appellant. Judgment reversed.

*Reversed with finding of facts.*

Finding of Facts. We find that the respondent, C. Diesterweg held the office of director under a valid election of the stockholders of the company, and that he was a stockholder in the company and qualified to hold the office at the time of his election and at the time of the beginning of this suit in the court below.