## Gustave J. Carus, Trustee, et al., Appellees, v. F. W. Matthiessen, Jr., et al., Appellants.

### Gen. No. 6,139.

1. CORPORATIONS, § 153*—*when assignment of certificate of stock by trustee valid.* Where stock stands on the books of a corporation in the individual name of one who actually holds it as trustee, a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, some topic and section number.

transfer of the certificate by such trustee both individually and as such trustee is valid and legal.

2. MANDAMUS, § 98*—*when lies to compel corporation to transfer stock.* Mandamus is a proper remedy to compel a corporation to transfer stock on its books although there may be other proper remedies.

3. MANDAMUS, § 3*—*when existence of other remedy not ground for denial of writ.* The reason given in other jurisdictions for denying the writ of mandamus to compel a corporation to transfer stock on its books, that the right to such transfer is a purely private right, for which an adequate remedy exists by an action at law for damages or by bill in equity to compel the transfer, is removed by section 9 of the Mandamus Act (J. & A. ¶ 7338), providing that such writ shall not be denied where the writ will afford a proper and sufficient remedy because plaintiff may have another specific legal remedy.

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 8, 1915.

WILLIAM J. CALHOUN and M. F. GALLAGHER, for appellants.

MONTGOMERY, HART, SMITH & STEERE, for appellees; CHARLES S. CUTTING, LOUIS E. HART and NORMAN H. PRITCHARD, of counsel.

MR. JUSTICE CARNES delivered the opinion of the court.

Mary Hegeler Carus, as an individual, assigned certificate No. 42 of stock in the Matthiessen & Hegeler Zinc Company to her son, Gustave K. Carus, as an individual, which was presented to F. W. Matthiessen, Jr., and George P. Blow, acting secretary and president of said company, with the request that it be transferred on the books of the company and a new certificate issued. The certificate stood on the books of the company in Mrs. Carus' individual name, but she held it, with other stock in the company, under trusts created by her father's will and a family settle-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment made after his death.  The request for transfer was refused on the ground that she could not, as such trustee, make a valid conveyance of the certificate. The assignee, Gustave K. Carus, filed in the Circuit Court of LaSalle county a petition for mandamus to compel a transfer, which, on a hearing before the court without a jury, was denied on the ground that Mrs. Carus owned the certificate as trustee, and could not under the limitations of the trust make an unconditional conveyance.  The petitioner appealed from this judgment and that appeal is now pending in this court (Gen. No. 6,127, *post*, p. 449).  Mrs. Carus, apparently to meet the suggestion of the court, indorsed another assignment on the same certificate in which she both as an individual and as trustee assigned the stock to Gustave K. Carus as trustee, and the certificate, so indorsed, was again presented to the same parties (appellants in this case) with a request for transfer on the books of the company, which was again refused because appellants were advised and believed that under the trusts mentioned Mrs. Carus could not make a valid transfer of the certificate.  This suit was then begun on the question of both Gustave K. Carus and Mary Hegeler Carus in the same court, and on a trial before the same judge without a jury the prayer of the petition was granted and a peremptory writ ordered, from which judgment this appeal is prosecuted and reversal sought on the grounds that mandamus is not a proper remedy, and, if it is, that under the trusts in question Mrs. Carus could not make a valid, legal transfer of the certificate.  The case was tried on stipulated facts, and there are no other questions in dispute.

It is a part of a controversy between the Matthiessen and Hegeler families concerning the control of said corporation, which has been before us in the four suits of *People ex rel. v. Matthiessen,* 193 Ill. App. 328; *People ex rel. v. Lihme,* 193 Ill. App. 341; *People ex*

*rel. v. Lihme,* 193 Ill. App. 357; and *People ex rel. v. Diesterweg,* 193 Ill. App. 360.

Those cases were argued together and opinions written in each case referring to the opinions in the other three cases. There has been no dispute about the facts but much dispute as to the conclusions to be drawn from them. They are set forth and discussed in detail in our former opinions, and in the opinions of the Supreme Court reported in 269 Ill. pp. 351, 499 and 602, affirming the judgments of this court. Practically the same counsel have been engaged in all these cases, and this opinion is written assuming familiarity with facts and conclusions of law stated in those opinions. The four cases decided by us were pending on appeal in the Supreme Court when the present case was argued here, and counsels' briefs are largely devoted to the discussion of questions that are now settled by the opinions of the Supreme Court since rendered.

Propositions of law were submitted to the court by the parties in the present case, requiring a holding on the question whether a proper construction of the trust permitted the transfer of the certificate, and were marked by the court held or refused in accordance with the views that we had expressed in our former opinions, the court noting on his holdings that the propositions were so held and refused because of our opinions filed in those cases. Other propositions of law were presented by appellant to the effect that mandamus is not a proper remedy to compel the transfer of a certificate of stock, but that the proper remedy is an action of damages, or bill in equity. The court marked these propositions refused.

The decisions of the Supreme Court and opinions filed therein dispose of all questions arising here as to the power of Mrs. Carus, as trustee, to make the transfer in question. The court did not err in holding that the transfer was valid and legal.

We are also of the opinion that there is little, if any, question in this State that mandamus is a proper remedy, though it may well be that there are other proper remedies. Section 9 of our Mandamus Act (J. & A. ¶ 7338) provides that the writ shall not be denied because the petitioner may have another specific legal remedy where such writ will afford a proper and sufficient remedy. In the absence of such a statute there is a conflict of authority in other States, the writ being denied in some jurisdictions on the ground that the right is a purely private one, and there is generally an adequate remedy by an action against the corporation for damages or by a suit in equity to secure a decree ordering the transfer. (26 Cyc. 347.) That reason for denying the writ is removed by the statute. *Brokaw v. Com'rs of Highways,* 130 Ill. 482; *People v. Wells,* 255 Ill. 450. The right to the writ is recognized in *People ex rel. v. Sterling Mfg. Co.,* 82 Ill. 457; *People ex rel. v. Manf. Co.,* 99 Ill. 355, and held in *Smith v. Automatic Photographic Co.,* 118 Ill. App. 649. Therefore the judgment of the trial court should be affirmed.

*Affirmed.*