DETERMINED BY THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

## ·· CHARLESTON.

CITIZENS NATIONAL BANK v. CONSOLIDATED GLASS Co. *et al.*.

Submitted September 4, 1918.   Decided October 22, 1918.

1. MANDAMUS—*Administrative Duty—Transfer of Corporate Stock.*

   By statute, sections 20, 21, 35, and 37, chapter 53, Code, the purchaser of shares of stock in a corporation, for·a valuable consideration, to whom the certificates therefor have been delivered by the original owner with power of attorney authorizing the transfer thereof on the books of the corporation, is entitled to have the said shares so transferred; and when his right and title thereto are certain and have been adjudicated by a court of competent jurisdiction, mandamus will lie against the corporation and its executive officers to compel such transfer on the books of the corporation and the issue of new certificates to such purchaser. (p. 3).

2. APPEARANCE—*Jurisdiction—Waiver of Objection.*

   By appearance and answer to the merits parties to a suit pending in the court of another state thereby waive any objection to the jurisdiction of the court.  (p. 7).

3. JUDGMENT—*Jurisdiction of Foreign Courts—Collateral Attack.*

   And when the record discloses the necessary jurisdictional facts the jurisdiction of such foreign court cannot be collaterally attacked in the courts of nay other state.  (p. 7).

4. CORPORATIONS—*Jurisdiction—Foreign Corporation.*

   When a corporation with a charter from the state authorizing it, migrates to another state and there establishes its principal offices and chief works, it thereby submits itself to the jurisdiction of the courts of that state when properly impleaded therein. (p. 8).

5. SAME—*Suit to Compel Transfer of Stock—Nature and Remedy.*
   A suit or proceeding brought against such corporation by a vendee of its stock to enforce the transfer thereof on its books does not involve the internal management or the exercise of visitorial power over such corporation,• but simply the individual rights of the owner of the stock cognizable by the court. (p. 8).

Original mandamus by the Citizens' National Bank of Port Allegheny, Pa., against the Consolidated Glass Company and others.

*Peremptory writ awarded.*

*C. W. Catlin, E. T. England* and *Frank Lively,* for petitioner.

*Geo. S. Wallace, Philip P. Gibson* and *Holt, Duncan & Holt,* for respondents.

MILLER, JUDGE:

The original jurisdiction of this court by mandamus is invoked to compel respondents, the Consolidated Glass Company, and A. S. Morehouse, president, and F. F. Riggell, treasurer, thereof, to transfer to petitioner on the books of said company four hundred and seventy eight and thirteen seventy ninths (478 13/79) shares of its capital stock, the original certificates for which were issued to defendant T. W. Camp, and by him assigned and transferred to petitioner on April 24, 1912, and the legal right and title of petitioner to which shares as against said Camp and said Glass Company, the petition and alternative writ aver, were finally adjudicated by the judgment in mandamus, and upon an issue tried upon the intervention therein by said Camp, by the Court of Common Pleas of McKean County, Pennsylvania, affirmed by the Supreme Court of that state on writ of error prosecuted therein by said Camp, and an exemplified transcript of the record in which courts is filed with the petition and put in evidence on this hearing.

At the time of said suit and judgment in Pennsylvania, the principal office and place of business of said Glass Company, chartered under the laws of this state, were in McKean County, Pennsylvania, but later and before the judgment aforesaid was executed, its principal office and place of business, by resolution, were changed to Huntington,

Cabell. County, West Virginia, where it is now located and doing business. The judgment in Pennsylvania so affirmed was "that a writ of peremptory mandamus issue directed to T. W. Camp, President and J. S. Walker, Treasurer of the Consolidated Glass Company and The Consolidated Glass ·Company, defendants, commanding them to transfer upon the books of the Consolidated Glass Company the said 478 13/79 shares of stock represented by said certificates Nos. 40, 46, 122, 123, and 124, being the certificates referred to in plaintiff's petition, and to issue new certificates there-·for to Citizens National Bank, Port Allegany, Pa."

The Glass Company and its present executive officers, Morehouse, president, and Riggell, treasurer, by demurrer ·and by original and amended return, and the said T. W. Camp, now before the court on a rule to show cause against ·the issuance of the peremptory writ, by his return, not traversing the facts alleged, nevertheless challenge the jurisdiction of this court to award the peremptory writ, and oppose the granting thereof, substantially upon the grounds: First, that petitioner has a complete and adequate remedy at law for damages, or in equity, by mandatory injunction, wherefore no right to relief by mandamus: Second, that mandamus will not lie in this state to enforce the judgment in mandamus in another state, especially where such judgment is based on a statute.

On the first proposition, this is not a suit or proceeding to enforce as against the Glass Company and its executive officers any contractual right, but simply the ministerial duty, where the right is clear, imposed by statute. The statutes covering the subject are sections 20, 21, 35, and 37, of chapter 53, of the Code. By section 20, shares of stock in a corporation are personal property, and as such pass by assignment of the stockholder to the transferree; section 21, requires the corporation to keep a transfer book in which *the shares shall be transferred* under such regulations as may be prescribed by the by-laws or vote of the board of directors. Section 35, requires the board of directors when demanded to issue to any person appearing on the books of the corporation to be the owner, a certificate for the

shares of stock standing in his name; and lastly, section 37, provides that if a stockholder for a valuable consideration disposes of his shares, or any part thereof, to another and deliver to him a certificate for such shares with power of attorney authorizing the transfer thereof on the books of the corporation, the title of the seller shall vest in the purchaser so far as may be necessary to effect the sale or disposition thereof. The petitioner in the present case is possessed of all the muniments of title to the stock described in the statute; he has the original certificates issued to Camp with power of attorney to transfer the shares called for on the books of the defendant company. This was all it was required to show to entitle it to have these shares transferred to it on the stock books of the corporation. *Lipscomb* v. *Condon,* 56 W. Va. 416, 436.

Besides this evidence of its right and title to the stock, and its right to have the same transferred and new certificates issued to it, its rights were fully and finally adjudicated by the consideration and judgment of the Pennsylvania courts of original and appellate jurisdiction, estopping not only the defendant company and its executive officers, but also Camp himself, intervenor and claimant thereof, so that by statute and by judgment of courts with jurisdiction of the subject matter and of the parties, the right of the petitioner is clear and can not now be controverted.

But it is contended that regardless of the absolute right thus established mandamus will not go to compel officers of a private corporation to respect such rights of a stockholder, law or equity affording complete and adequate remedy. It is conceded, that by the general rule of the greater number of judicial decisions mandamus is not available in such cases, especially where the right is doubtful, and law or equity will in fact afford adequate relief, unless the subject is controlled by some positive statute on the subject. But the foundation of this rule, and the grounds for the decisions supporting it, dating back to the common law, is that an action at law for damages for the conversion of the stock will afford such complete and adequate remedy; or if not relievable in a court of law, that equity, where the pro-

ceedings are more flexible and better adapted to the relief sought and where all parties in interest may be impleaded, is the proper forum. 1 Cook on Stock and Stockholders, (3rd ed.) sections 390-392. One of the reasons assigned for the rule denying mandamus is that where there is conflict of title or doubt as to the right, the corporation may properly refuse to register and transfer its shares of stock to the holder of the certificates, until the right has been settled or adjudicated by interpleader or otherwise. 1 Cook on Stock and Stockholders, (3rd ed.) sections 385-387. Notwithstanding the larger number of judicial decisions there can be no doubt that the tendency of the more recent decisions is to mollify the older and more rigid rule. 2 Bailey on Habeas Corpus, (1913) section 303; 1 Cook on Stock and Stockholders, (3rd ed.) section 390. The old theory that mandamus was the King's prerogative writ, and limited to commanding public officers in the performance of their official and ministerial duties no longer obtains, certainly not in this jurisdiction. Its scope and office has been greatly extended and enlarged in many instances not only by legislative action but by the courts, so that now in modern practice it is regarded as nothing more than an action at law between the parties, and not as a prerogative writ. *Fisher* v. *City of Charleston,* 17 W. Va. 595, 604; Hogg's Pleading and Forms, p. 477, (note).

In these days when a large part of all commercial business is transacted through corporations and the private success and fortunes of individual citizens are so largely involved therein, and prompt action in the registry and transfer of their shares is required to preserve the rights of stockholders and promote the interests of the corporation, it is very cold comfort to refer the stockholder to a court of law where he may have a judgment for damages. In many, if not most instances, such relief will be wholly inadequate; the stock in a large majority of cases has no market value; its value in many instances is prospective, or depending on the management of the affairs of the corporation; the shares involved may be necessary to wrest the control of the corporation from incompetent or corrupt officers. In such

cases there is no way to measure the actual damages, and a stockholder with large interests involved without speedy process to enforce his rights is at the mercy of officers who have no reason to deprive him of his rights, except to further some private and personal ends of their own. And in such cases even equity will in most instances furnish no adequate relief. The existence of another remedy in such cases constitutes no bar to relief by mandamus, certainly not when as in the case at bar the right which is clear has been already adjudicated. By one judgment of a court of competent jurisdiction plaintiff is entitled not to a judgment for damages, but to the performance of the very thing required by the mandate of the court in Pennsylvania. Nothing short of this will in the present instance be adequate remedy. 2 Spelling on Injunctions and other Extraordinary Remedies, §1375; High on Extraordinary Legal Remedies, §§17, 20; 2 Thompson on Corporations, (1st ed.) 2445; *Dennett* v. *Acme Mfg. Co.,* (Me.) 76 Atl. 922. Besides these authorities 1 Cook on Stock and Stockholders, §390, note, cites a long line of decisions supporting the proposition that mandamus will lie particularly in a case like the one we have here, when the right is clear and there is no good and sufficient reason for refusing registry and transfer of the stock. And in Wisconsin, South Dakota, and Illinois, where the statutes are very like our own, and in cases of clear right, the holdings have been that mandamus is available to enforce the ministerial duties of officers to make registry and transfer of the shares in corporations. *In Re Petition of Klaus,* 29 N. W. 582; *Amidon* v. *Florence Farmers' Elevator Co.,* 28 S. D. 25; *Smith* v. *Automatic Photographic Co.,* 118 Ill. App. 649.

In the case at bar the right to the stock and to its transfer on the books of the corporation, having been already litigated, and the parties estopped thereby, there is nothing left for a court of law or equity to determine except the enforcement of that right, and in such cases we think mandamus is the only remedy furnishing adequate relief.

Belated briefs of counsel for respondents filed since the original argument and submission of the case urgently insist that the Pennsylvania courts were wholly without jur-

isdiction to pronounce the judgment relied on by petitioner, for the reason that thereby the courts of that state undertook to control the internal management of and to exercise visitorial power over a West Virginia, or foreign, corporation. For this proposition a large number of judicial decisions are cited as follows: *Taylor* v. *Mutual Reserve Fund Life Ass'n,* 97 Va. 60, 45 L. R. A. 621; *Madden et al.* v. *Penn Electric Light Co. et al.,* 181 Pa. 617, 38 L. R. A. 638; *Kansas Const. Co.* v. *Topeka, S. & W. R. R. Co.,* 135 Mass. 34, 46 Am. Rep. 439; *Condon* v. *Mut. Reserve Ass'n,* 89 Md. 99, 73 Am. St. Rep. 169; *Smith* v. *New York Ins. Co.,* 14 Allen (Mass.) 336; *North State Copper & Gold Min. Co.* v. *Field,* 64 Md. 154.

We have carefully examined all these decisions and find them inapplicable to the case here presented. No doubt it is permitted to the courts of one state, when the judgment of another state is relied on, to look into the jurisdiction of the court pronouncing the judgment. Besides the numerous decisions from other states cited and relied on by counsel, our own cases of *Gilchrist* v. *O. & O. L. Co.,* 21 W. Va. 115; *Stewart* v. *Stewart,* 27 W. Va. 169, 171; *Fowler* v. *Lewis's Adm'r,* 36 W. Va. 112, 126; *Stewart* v. *Northern Assur. Co.,* 45 W. Va. 734, support this proposition. But as these cases hold if the courts of a foreign jurisdiction be courts of general jurisdiction, their jurisdiction is presumed, and this presumption must be overcome by proof. In the case at bar the record from Pennsylvania shows jurisdiction given by statute and by service of process upon or personal appearance by all parties and submission to the jurisdiction of the court. By appearance and answer to the merits the parties waived any objection to the jurisdiction. *Pierce* v. *Equitable Life Assur. Soc.,* 145 Mass. 56.

The question of jurisdiction to control by mandamus the corporation and its officers in the transfer and registry of its shares of stock was for the first time raised in the Supreme Court of that state. It was rightly decided, we think, to be then too late to raise that question. Every court necessarily considers and determines its own jurisdiction, and where the record discloses jurisdictional facts, and the

judgment can not be questioned in the courts of the state where the judgment is pronounced, it can not in a collateral proceeding in the courts of any other state be controverted. *Zepp* v. *Hager,* 70 Ill. 223; *Crafts* v. *Clark,* 31 Iowa 77; *Westcott* v. *Brown,* 13 Ind. 83; 26 Cyc. 1088.

The respondent company with a charter from West Virginia authorizing it, migrated to Pennsylvania, as it might do, where it established its principal offices and chief works. In doing so, it necessarily submitted itself to the jurisdiction of the courts of that state. *State* v. *North American Land & Timber Co.,* (La.) 87 Am. St. Rep. 309.

Upon the main proposition it is well settled that the right of a vendee of stock to a transfer thereof on the books of the corporation involves only his individual contractual rights and is not a matter relating to the essential internal management of the company cognizable only in the courts of the state in which the charter was granted, and that this right is enforceable wherever the corporation is properly made a party defendant. *Westminister National Bank* v. *New England Electrical Works,* 73 N. H. 465; *Guilford* v. *Western Union Tele. Co.,* 59 Minn. 332; *State* v. *North American Land & Timber Co., supra.* See also *Swift* v. *Richardson,* (Del.), 40 Am. St. Rep. 127; *Richardson* v. *Clinton Wall Trunk Mfg. Co.,* 181 Mass. 580; 5 Thomp. on Corp. (2nd ed.) §§6743, 6744. In the latter section it is said: "As against the rules of the preceding section, but not in conflict therewith, the courts of one state will take jurisdiction over foreign corporations doing business in such state where the act complained of affects the individual rights only of the complainant." The facts in this case bring it within the principles of the decisions just cited and distinguish it from those cited and relied on by counsel for respondents.

Our conclusion therefore is that petitioner is entitled to the peremptory writ, and it will be so ordered.

*Peremptory writ awarded.*